Ex parte Concepcion GARCIA, Relator.

No. 08–92–00005–CV.

Court of Appeals of Texas,
El Paso.

Feb. 12, 1992.

Randy L. Bullis, El Paso, for relator.

Susan Urbeita, El Paso, for respondent.

Before OSBORN, C.J., and WOODARD and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

Relator seeks a Writ of Habeas Corpus to obtain relief from both an order of contempt, entered January 8, 1992, resulting from his failure to pay child support payments in compliance with a court order dated September 13, 1991, and an order of commitment. The Writ is granted.

On March 11, 1991, an original petition for divorce was filed in the matter of the marriage of Socorro Rodriguez and Concepcion Garcia. On March 25, 1991, temporary orders were entered which ordered Relator to pay the total sum of $132.87 per month, as temporary child support. The temporary orders required Relator to pay the sum directly to Socorro Rodriguez.

On May 21, 1991, the parties were granted a divorce. The divorce decree ordered Relator to pay child support in the amount of $221.00 per month, payable directly to Socorro Rodriguez. Additionally, on May 21, 1991, the Court heard Movant's Motion for Contempt, which alleged Relator's failure to comply with the child support provision entered in the court's temporary orders of March 25, 1991; however, the order finding Relator in contempt for violation of the temporary orders was not entered until September 13, 1991. The order of contempt found with particularity that the Relator had failed to comply with the child support provision of the temporary orders. Relator was ordered committed to the El Paso County Jail until the arrearage was paid. Commitment was conditionally suspended so long as Relator: (1) paid the arrearage in specific monthly installments; and (2) continued to comply with his child support obligations pursuant to his final decree of divorce.

On October 28, 1991, Socorro Rodriguez filed a motion for contempt and a motion to revoke suspension of commitment and order to appear. The motion to revoke alleged, in pertinent part, that Relator had failed to comply with the child support provisions contained in the final decree of divorce, as well as the conditions contained in the suspension of commitment order en-

tered September 13, 1991. At the time of filing, Relator was allegedly in arrears in the amount of $1,514.22.

On January 7, 1992, hearing was held on Movant's motion for contempt and motion to revoke suspension of commitment. Due to his willful failure to comply with the Court's September 13, 1991 order, Relator was adjudged guilty of contempt and punished by confinement in the El Paso County Detention Facility until the arrearage, court costs and attorney's fees were paid. Relator was represented by counsel at his contempt hearing. Subsequent to the Court's action, Relator filed a Writ of Habeas Corpus alleging four points of error.

■ In Point of Error No. One, Relator alleges that the trial court erred in ordering Relator confined in the El Paso County Jail for contempt without taking into consideration the ability of Relator to pay support for the child.

At the outset, our society has found it the duty of a parent, whether the father or mother, to provide for the needs of their children. Indeed, this particular sentiment has been codified by our legislature. Specifically, the parent of a child has the duty to support the child, including providing the child with clothing, food, shelter, medical care and education. Tex.Fam.Code Ann. § 12.04(3) (Vernon 1986). Moreover, the existence of this type of affirmative duty of support necessarily impacts how courts interpret various provisions of the Texas Family Code. Section 14.40(g) of the Texas Family Code establishes the inability of the contemnor to pay as an affirmative defense to a motion seeking enforcement by contempt and thus, the alleged contemnor has the burden of producing evidence and establishing, by a preponderance of such evidence, his involuntary inability to perform. Tex.Fam.Code Ann. § 14.40(g) (Vernon Supp.1992). *Ex parte McIntyre,* 730 S.W.2d 411 (Tex.App.—San Antonio 1987, orig. proceeding).

In the instant case, Relator asserts error in the trial court's failure to take into consideration his ability to support his child; however, Relator has failed to file a statement of facts with this Court. Without the statement of facts properly before us, nothing is presented for our review. *Aguirre v. State,* 680 S.W.2d 567, 570 (Tex.App.—Corpus Christi, 1984, no pet.); *Slade v. State,* 400 S.W.2d 570 (Tex.Crim.App.1966). Relator's Point of Error No. One is overruled.

■ In Points of Error Nos. Two, Three and Four, Relator alleges that the order of contempt and commitment are fatally deficient. Specifically, in Point of Error No. Four, Relator alleges that the trial court erred in entering the order of contempt because the order does not specify what actions Relator must take to purge himself of contempt.

This case is controlled by the holding of *Ex parte Duncan,* an opinion of this Court in which an identical "fill-in-the-blank" order was deemed void for lack of specificity. 795 S.W.2d 10 (Tex.App.—El Paso, 1990, orig. proceeding). The case before us, as in Duncan, presents another example of the perils a child faces in attempting to obtain support to which it is rightfully entitled and which has been ordered by our courts.

■ In the instant case, the contempt order punishes the Relator by confinement in the El Paso County Detention Facility until the arrearage is paid.[1] The order, however, fails to specify what actions the Relator must take to effect his release from confinement. The order of contempt and commitment is silent as to whom the Relator must pay the required sum of money in order to effect his release from confinement. The failure of the order to specify, in clear and unambiguous language, that which the imprisoned one is required to do to purge himself and escape the restraint on his liberty, invalidates the order. *Ex parte Proctor,* 398 S.W.2d 917 (Tex.

---

1. The order of contempt sets out the punishment paragraph as follows:

 ✓ As punishment, the Respondent, Concepcion Garcia is hereby ORDERED confined in the El Paso County Detention Facility until such time as the sum of $1,514,22, together with the sum of $500.00, attorney's fees, and the sum of $43.00, court costs, which amounts total $2,057.22, is paid.

1966, orig. proceeding); *Ex parte Bagwell,* 754 S.W.2d 490 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding); *Ex parte Hernandez,* 726 S.W.2d 651 (Tex.App.—Eastland 1987, orig. proceeding). The unfortunate realization of such a holding is that at times our judicial system, in an effort to expedite justice, relies on well-developed forms that fall short of meeting the legal requisites due to being improperly completed. In particular, the use of such incomplete forms serve only to benefit the court and its litigants instead of addressing the needs of our children. Point of Error No. Four is sustained. Our resolution of Point of Error No. Four renders it unnecessary to consider all remaining points of error.

We hold that the order of contempt and commitment entered on January 8, 1992, in Cause No. 91–2723[2] is void. The Writ of Habeas Corpus is granted. We further order that the Relator be released from bond and discharged from restraint or confinement.

---

**2.** We note the existence of a subsequent order revoking suspension and for commitment to county jail, entered by the County Court at Law Number 1 on January 21, 1992. The subsequent order commits Relator to the custody of the Sheriff of El Paso County, Texas, to be confined, as ordered by the order suspending commit- ment, until Relator has paid $409.22 into the Registry of the Court. This Court has been asked to pass judgment on the order entered January 8, 1992, however, this order is not properly before this Court. Consequently, we express no opinion as to the subsequent order filed January 21, 1992.