**Ex parte: Gerald D. ANDERSON, Relator.**

No. 08–94–00350–CV.

Court of Appeals of Texas, El Paso.

Jan. 26, 1995.

Calvin C. Otte, Dallas, for relator.

Chris Westall, Austin and Willie Dubose, Midland, for respondent.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

*OPINION*

BARAJAS, Chief Justice.

Gerald D. Anderson seeks habeas corpus relief from both an order of contempt and

commitment, entered November 10, 1994, which resulted from his failure to pay child support payments as required by a court order dated January 28, 1983. We grant the writ.

## I. SUMMARY OF THE EVIDENCE

On January 28, 1983, Sue Masear Anderson and Relator divorced. The divorce decree ordered Relator to pay child support in the amount of $500 per month per child to the Child Support Division of the Registry of the District Court of Midland County. On September 3, 1992, the trial court found Relator in arrears in the amount of $11,565, rendered judgment against Relator, and ordered him to pay such amount together with interest, court costs, and attorney's fees. On March 16, 1994, the trial court found that Relator failed to comply with the order of September 3, 1992, and that he was in arrears in the amount of $8,316 for the period of April 1, 1993 through October 1, 1993. The trial court rendered judgment against Relator for that amount plus $700.90 in interest and ordered that he pay such aggregate amount by April 30, 1994.

On November 10, 1994, the trial court heard Movant's Motion for Contempt, which alleged Relator's failure to comply with the order of March 16, 1994. The trial court then entered an Order Holding [Relator] in Contempt for Failure to Pay Child Support, Granting Judgment, and for Commitment to County Jail. The order of contempt found with particularity that Relator failed to comply with the order of March 16, 1994. Because of his willful failure to comply with the trial court's orders, Relator was ordered committed to the Midland County Jail until the arrearage was paid. Subsequent to his confinement, Relator filed a petition for a writ of habeas corpus alleging five points of error.

## II. DISCUSSION

█ In his first through third and fifth points of error, Relator alleges that the order of contempt and commitment is fatally deficient. Specifically, in his first point of error, Relator alleges the trial court erred in entering the order of contempt because the order does not specify what actions Relator must take to purge himself of contempt. We agree.

This case is controlled by *Ex parte Garcia*, 831 S.W.2d 1 (Tex.App.—El Paso 1992, orig. proceeding), and *Ex parte Duncan*, 795 S.W.2d 10 (Tex.App.—El Paso 1990, orig. proceeding), opinions of this Court in which nearly identical "fill-in-the-blank" orders were deemed void for lack of specificity. The case before us, as in *Garcia*, presents another example of the perils a child faces in attempting to obtain support to which he is rightfully entitled and which has been ordered by a court.

In the instant case, the contempt order attempts to coerce Relator's compliance by ordering him confined in the Midland County Jail until the arrearage is paid[1]. The order, however, fails to specify what actions Relator must take with respect to two specific issues to effect his release from confinement. First, the order of contempt and commitment is silent as to whom Relator must pay the required sum of money in order to be released. An appropriate order will specify the payee. Second, the order does not clearly identify the amount of money Relator is to pay[2]. An appropriate order will include the precise total amount Relator must pay to purge himself of contempt. The failure of the order to specify, in clear and unambiguous language, that which he is required to do to purge himself of contempt and thereby escape the restraint on his liberty, invali-

---

1. The order of contempt contains language that orders Relator confined until he has "complied with the following orders," which is followed by numerous fill-in-the-blank provisions that could provide for the payment of certain amounts to certain entities for certain purposes. The pertinent provisions, however, are crossed out, and above the quoted language is hand-written, "fully paid all arrearage." As we imply above, the order would have otherwise been valid had the proper blanks reflected the amount Relator must pay and to whom he must pay it.

2. Several paragraphs before the language set out in footnote one, the trial court found Relator in arrears in the amount of $8,366 and that $700.90 in interest had accrued on that amount. The court then rendered judgment against Relator in the amount of $9,100. It is unclear what caused this apparent discrepancy and, consequently, it is unclear to which amount "all arrearage" refers.

dates the order. *Ex parte Proctor*, 398 S.W.2d 917 (Tex.1966) (orig. proceeding); *Ex parte Bagwell*, 754 S.W.2d 490 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding); *Ex parte Hernandez*, 726 S.W.2d 651 (Tex.App.—Eastland 1987, orig. proceeding).

The unfortunate realization of our decision is that at times, our judicial system, in an effort to expedite justice, relies on well-developed forms that fall short of meeting legal requisites because they are improperly completed. The use of such incomplete forms serves only to benefit the court and litigants therein, instead of addressing the needs of our children. Relator's first point of error is sustained. Our resolution of Relator's first point of error renders it unnecessary to consider his second, third, and fifth points of error [3].

▆▆ We hold that the order of contempt and commitment entered on November 10, 1994, in cause DR–14,164 is void, and we grant the writ of habeas corpus. We further order that Relator be released from bond and discharged from restraint or confinement.[4]

---

**3.** Relator's fourth point of error claims the child support provisions of the January 28, 1983, divorce decree are unenforceable because they were not based on the actual needs of the children. Relator alleges the order provided a formula for automatic increases based on Relator's anticipated ability to pay. The enforceability of the underlying decree is not properly included in this habeas proceeding. We concern ourselves, rather, only with whether the contempt order is void, which issue we think completely resolved by our disposition of Relator's first point of error. We therefore do not address Relator's fourth point of error. *See Ex parte Friedman*, 808 S.W.2d 166 (Tex.App.—El Paso 1991, orig. proceeding) (addressing only the legality of relator's detention for child support arrearage, refusing to address his guilt or innocence); *Ex parte Stanford*, 557 S.W.2d 346 (Tex.Civ.App.—Houston [1st Dist.] 1977, orig. proceeding) (addressing only adequacy of notice of show cause hearing to relator, refusing to address validity of underlying temporary support orders "in this collateral proceeding").

**4.** We note that our holding does not affect the validity of Relator's accrued or potential child support obligations. Our holding is directed only at the impropriety of Relator's confinement and is based exclusively on the contempt order's lack of specificity.

We recognize that we are unable simply to remand the case to the trial court for the entry of such an order. The trial court need not, however, conduct another trial, hearing, or any further proceedings whatsoever before entering a contempt order, provided the order contains the two specifics we identify in the body of the opinion. This is so because the trial court has already conducted the necessary predicate proceedings at which evidence of Relator's contempt presumably was adduced. Because the proper evidentiary proceedings have already been conducted, the trial court can at any time hereafter, sua sponte or on a party's motion, enter an order holding Relator in contempt and confining him until he purges himself thereof. The order we today find void does not preclude the trial court from taking such action precisely because it is void. A void order has no legal effect, it is void at its inception and never comes into being. *Gulf States Utilities Co. v. Coalition of Cities*, 883 S.W.2d 739 (Tex.App.—Austin 1994, writ requested) (finding that void order "has no force or effect, binds no one, affects no person's rights, confers no right or protection; it is, in short, an absolute nullity") (citing 49 C.J.S. *Judgments* § 449, at 879 (1947)); *Watson v. Hart*, 871 S.W.2d 914, 920 (Tex.App.—Austin 1994, n.w.h.) (finding that void order is "without legal vitality or effect") (citing *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 674 (1942)); *see also Qwest Microwave v. Bedard*, 756 S.W.2d 426 (Tex.App.—Dallas 1988, orig. proceeding) (finding mandamus relief appropriate to correct void order because it would be anomalous to force party to appeal an order void on its face).

Thus, it is as though the trial court has already announced its decision finding Relator in contempt of court after the presentation of evidence to this effect, and has not yet entered an order holding him in contempt. Hence, Relator still walks a free man, and will do so until the trial court enters a valid contempt order.