In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-320 CV


____________________



IN RE BRUCE ANTHONY THOMAS






Original Proceeding






MEMORANDUM OPINION (1)


 This is an original proceeding in habeas corpus arising out of enforcement
proceedings in a suit affecting the parent-child relationship. Because we hold the trial
court's order comports with the requirements of due process and the Texas Family Code,
we deny habeas corpus relief. 

 In 1999, Thomas was ordered to pay child support of $280.00 per month. On
February 11, 2004, following a hearing, the trial court found Thomas to be in arrears in
his child support payments in the amount of $32,150.55. The trial court found that
Thomas failed to pay child support in the amount of $280.00 on the first of the month for
the months of February, March, April and May of 2003 in contempt of the child support
order. The trial court ordered that Thomas be committed to the county jail for a period
of 180 days for each of the four incidents of criminal contempt, with the commitments to
run concurrently. The trial court also ordered that Thomas be committed to jail until he
pays $16,075.75 of the arrearage. Thomas has been in the custody of the Jefferson County
Sheriff since February 11, 2004. On July 23, 2004, Thomas filed this petition for writ of
habeas corpus.

 Although he suggests that "with good-time credit" he is no longer being confined
for criminal contempt, Thomas does not challenge the judgment of criminal contempt or
his confinement under that order. Until the criminal contempt has been discharged, issues
related solely to the civil contempt are hypothetical. In re Scariati, 988 S.W.2d 270, 272
n. 2 (Tex. App.- Amarillo 1998, orig. proceeding). (2) 

 The sole issue raised in the petition is whether the civil contempt order states what
he must do in order to purge himself of contempt. If a child support enforcement order
imposes incarceration for civil contempt, the order must state the specific conditions on
which the respondent may be released from confinement. Tex. Fam. Code Ann. §
157.166(c) (Vernon 2002). Thomas argues that the order "does not, with specificity and
clarity, indicate where or to whom the payment is to be made." The two cases upon which
he relies, Ex parte Anderson, 893 S.W.2d 195, 196-97 (Tex. App.-El Paso 1995, orig.
proceeding), and Ex parte Garcia, 831 S.W.2d 1, 2-3 (Tex. App.-El Paso 1992, orig.
proceeding), concerned improperly completed fill-in-the-blank contempt orders that were
silent as to whom the relator must pay in order to secure his release from confinement. 
In Thomas's case, the paragraph containing the trial court's finding of coercive contempt
does not tell Thomas who he must pay, but an earlier paragraph of the order commands
Thomas "to pay all support to the registry of the court". The enforcement order comports
with the requirements of due process and Section 157.166(c). The petition for writ of
habeas corpus is denied.

 WRIT DENIED.

 PER CURIAM



Opinion Delivered July 26, 2004 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. Thomas may re-urge his petition when his sentence for criminal contempt expires
or is otherwise discharged.