**Opinion issued June 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-01001-CV**

**NO. 01-13-01094-CV**

———————————

**IN RE ANTHONY L. BANNWART, JR., Relator**

---

**Original Proceeding on Petition for Writ of Habeas Corpus and Petition for Writ of Prohibition**

---

**OPINION**

Relator, Anthony L. Bannwart, requests habeas corpus relief from a November 19, 2012 trial court "Judgment of Contempt-Anthony Bannwart" and seeks a writ of prohibition preventing the trial court from holding further criminal

contempt proceedings.[1]  On November 26, 2013, after a preliminary review of relator's petition for writ of habeas corpus, we ordered relator released upon his posting of a bond in the amount of $1000.00, pending a final determination of his petition.  Because we conclude that relator is entitled to habeas relief, we grant his petition for writ of habeas corpus, order relator released from the bond set by this Court on November 26, 2013, and order him discharged from custody.  We deny relator's petition for writ of prohibition.

## Background

The underlying suit involves the foreclosure of real property located in Brazoria County, Texas.  Relator represented third-party defendant, Michael Robinson ("Robinson"), in the underlying suit.  In 2011, real party in interest, Black Sigma, LLC ("Black Sigma"), sought a temporary injunction to prevent Robinson from conducting a trustee's sale of the Brazoria County property.  An order granting the temporary injunction was signed by the trial court on September 1, 2011.  On October 7, 2011, the trial court signed an amended order granting the temporary injunction, which "relate[d] back to, the Order granting temporary injunction of September 1, 2011."  Subsequently, an interlocutory

---

[1]     The underlying case is *Black Sigma, LLC v. John P. Benkenstein, David A. Chaumette, Howard F. Cordary, Jr., and Michael P. Robinson*, cause number 64769, pending in the 23rd District Court of Brazoria County, Texas, the Honorable Ben Hardin presiding.

2

appeal from the amended temporary injunction order was filed in this Court, appellate cause number 01-11-00917-CV, by relator's client, Robinson.[2]

On May 22, 2012, Black Sigma filed a "Motion for Contempt and for Referral to the Trial Court to Enforce Temporary Injunction" in appellate cause number 01-11-00917-CV, arguing that relator, among others, should be held in contempt for violating the trial court's temporary injunction orders. In its motion, Black Sigma asserted that relator was involved in the substitute trustee's sale of the Brazoria County property in violation of the trial court's temporary injunction orders.

On June 7, 2012, this Court issued an "Order of Abatement and Referral of Enforcement Proceeding to the Trial Court," which referred the enforcement proceeding of the temporary injunction orders to the trial court for that court to hear evidence and grant appropriate relief. The contempt proceedings, which are the subject of relator's petition for writ of habeas corpus and for writ of prohibition, subsequently commenced in the trial court.

On November 19, 2012, the trial court found relator guilty of civil contempt for violating the September 1, 2011 temporary injunction order. Specifically, the trial court found that relator violated the trial court's order:

---

[2] Relator has since withdrawn as counsel for Robinson and no longer represents Robinson in appellate cause number 01-11-00917-CV.

1. By advising Michael Robinson that the Order Granting Temporary Injunction of September 1, 2011 was void; and

2. By failing to advise Michael Robinson not to proceed with a substitute trustee's sale on September 6, 2011.

The contempt order further provided that relator "shall be confined in the Brazoria County Jail until he purges himself of contempt by taking action to cause the execution and recording of a document in form acceptable to the Court vacating the said substitute trustee's deed, effective September 6, 2011."

On August 9, 2013, relator attempted to purge himself of contempt by filing an "Amended Motion to Vacate Substitute Trustee's Deed." In response, on October 7, 2013, the trial court presented relator with an "Order and Declaratory Judgment on Amended Motion to Vacate Substitute Trustee's Deed," as a means of reversing the September 6, 2011 substitute trustee's sale. The order required relator to acknowledge by signature approval of both the substance and form of the proposed order. The order also required the signature of relator's client, Robinson, and a certification by relator that Robinson's signature was genuine. The signed order, along with other documents, was to be presented to the trial court by November 4, 2013. It does not appear from the record that relator returned the documents to the trial court complete with the required signatures and certification.

In his petition, relator states that, at the time Robinson's signature was required on the trial court's proposed order, Robinson was located out of state and

4

was unable to travel due to serious health conditions. Therefore, relator could not certify the authenticity of Robinson's signature, who could not sign the order in relator's presence.[3]

On November 8, 2013, the trial court issued a capias for the arrest of relator based on the trial court's November 19, 2012 civil contempt order. Relator subsequently filed a petition for writ of habeas corpus and writ of prohibition with this Court.[4] We ordered relator released upon his posting of a bond, pending full submission of the matter. We also requested a response from Black Sigma, which was filed on December 18, 2013.

## Writ of Habeas Corpus

### *Standard of Review*

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been

---

[3] Relator also notes that on November 4, 2013, the trial court allowed relator to withdraw as Robinson's counsel, finding that Robinson had discharged relator.

[4] The portion of relator's petition relating to relator's request for a writ of prohibition concerns criminal contempt proceedings, rather than the aforementioned civil contempt proceedings, that were also initiated against relator in 2012. The criminal contempt proceedings against relator were referred by the trial court to The Honorable Olen Underwood, the Presiding Judge of the Second Judicial Administrative Region, pursuant to Texas Government Code section 21.002(d). *See* TEX. GOV'T CODE ANN. § 21.002(d) (West 2004). Judge Underwood assigned The Honorable Bob Wortham, now former judge of the 58th District Court of Jefferson County, to hear and determine the criminal contempt proceedings. At the time relator filed his petition, relator stated that the criminal contempt proceedings were still pending. To date, the parties have not notified the Court otherwise.

unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). In a habeas corpus proceeding, the order or judgment challenged is presumed to be valid. *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). For this Court to order the release of a relator in a habeas corpus proceeding, we must find that the trial court's order directing the relator to be incarcerated is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

*Analysis*

Relator asserts his confinement is illegal because: (1) the September 1, 2011 order of temporary injunction upon which relator's contempt is founded is void; (2) the charges of contempt are too vague and ambiguous to provide relator with adequate notice to prepare a defense; (3) the September 1, 2011 temporary injunction order did not enjoin the conduct for which relator was found in contempt; (4) the judgment of civil contempt is void because it lacks specificity regarding the acts relator must perform to purge himself of contempt; (5) the evidence was legally and factually insufficient to support a finding of civil

6

contempt; and (6) the capias was not issued sufficiently close in time to the trial court's judgment of civil contempt. Because we sustain relator's fourth issue, we do not address the other issues in relator's petition.

In his fourth issue, relator asserts that his due process rights were violated because the trial court's judgment of civil contempt did not specify in clear and unambiguous language what relator must do to purge himself of contempt. We agree.

The trial court found relator guilty of civil contempt in its November 19, 2012 order of contempt. Civil contempt is considered remedial and coercive in nature. *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proceeding); *In re Houston*, 92 S.W.3d 870, 876 n.2 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding). "The object of civil contempt is to coerce the contemnor to comply with some order of the court." *Ex parte Durham*, 921 S.W.2d 482, 485 (Tex. App.—Corpus Christi 1996, orig. proceeding); *see also Ex parte Zinn*, No. 04-95-00525-CV, 1996 WL 11423, at *4 (Tex. App.—San Antonio Jan. 11, 1996, orig. proceeding) (not designated for publication) ("The purpose [of civil contempt] is to persuade the contemnor to obey a prior order.").

A contemnor may procure his release from the restraint on his liberty by compliance with the provisions of the court's order. *In re Houston*, 92 S.W.3d at 876 n.2; *see also Ex parte Zinn*, 1996 WL 11423, at *4 ("Imprisonment is

conditional upon obedience; the judgment provides that the contemnor is to be imprisoned unless and until he performs a specified affirmative act."). Because of this, when civil contempt is imposed, the order must spell out exactly what duties and obligations are imposed and what the contemnor can do to purge the contempt. *In re Tsertos*, No. 01-11-00170-CV, 2011 WL 941571, at *1 (Tex. App.—Houston [1st Dist.] Mar. 14, 2011, orig. proceeding) (mem. op); *In re Houston*, 92 S.W.3d at 877; *see also In re Johnson*, No. 14-09-00775-CV, 2009 WL 4345405, at *2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2009, orig. proceeding) (mem. op.) ("[O]rder must tell the contemnor in clear, specific, and unambiguous words how to gain release from contempt."); *Ex parte Williams*, 866 S.W.2d 751, 753–54 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) ("[O]rder must specify in clear language the actions which the contemnor must perform in order to gain release."). The failure of an order of contempt to specify in clear and unambiguous language what the contemnor is required to do to purge himself and escape the restraint on his liberty renders the order invalid. *See Ex parte Zinn*, 1996 WL 11423, at *4–5; *Ex parte Rosser*, 899 S.W.2d 382, 387 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

Here, the trial court's civil contempt order stated the following with respect to the manner in which relator may purge himself of civil contempt:

> Anthony Bannwart shall be confined in the Brazoria County Jail until he purges himself of contempt by taking action to cause the execution

and recording of a document in form acceptable to the Court vacating the said substitute trustee's deed, effective September 6, 2011.

This purging condition does not clearly or specifically notify relator of the action he needs to take to purge himself of contempt and escape the restraint on his liberty. The provision fails to specify the type of document relator is required to execute and record in order to vacate the substitute trustee's deed and leaves open for interpretation the form of the required document, given that the only guideline is that it must be in a "form acceptable to the [trial court]."

We hold that the purging provision of the contempt order does not "spell out exactly" in clear and unambiguous language what relator must do to purge the contempt. *See In re Houston*, 92 S.W.3d at 877; *see also In re Johnson*, 2009 WL 4345405, at \*2 (order must tell contemnor in "clear, specific, and unambiguous words" how to purge himself of contempt). Therefore, the contempt order is void. *See Ex parte Rosser*, 899 S.W.2d at 387 (order that does not clearly set out action relator must take is void). Relator's fourth issue is sustained.

**Writ of Prohibition**

In his petition, relator also seeks a writ of prohibition "directing Judge Wortham to abate further activity against [relator] in the criminal contempt matter." Relator asserts that the writ of prohibition is "necessary to protect the subject matter of this appeal and the prior appeal of the underlying Injunction Order." We presume relator is asserting that the writ of prohibition is necessary to

9

protect the subject matter of the interlocutory appeal from the amended temporary injunction order that is pending in this Court, appellate cause number 01-11-00917-CV.

An appellant court may issue a writ of prohibition to protect the subject matter of an appeal or to prohibit unlawful interference with enforcement of an appellate court's judgment. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989). However, relator does not demonstrate how the criminal contempt proceedings involving relator are a threat to the subject matter of an appeal currently pending in this Court. *Cf. Burton v. Trevathan*, No. 01-91-00218-CV, 1991 WL 36987, at *2 (Tex. App.—Houston [1st Dist.] Mar. 19, 1991, orig. proceeding) (not designated for publication) (declining to prevent trial court from hearing contempt proceedings arising from alleged violation of temporary injunction that was being appealed because relator failed to show how subject matter of pending appeal would be destroyed).

Further, in appellate cause number 01-11-00917-CV, we specifically abated the appeal and referred the enforcement proceeding of the temporary injunction orders to the trial court to hear evidence and grant appropriate relief. *See* TEX. R. APP. P. 29.4 ("[T]he appellate court may refer any enforcement proceeding to the trial court with instructions to . . . hear evidence and grant appropriate relief."). In accordance with this Court's order, both civil and criminal contempt proceedings

were commenced against relator in the trial court. Relator now seeks to prohibit, through his request for a writ of prohibition, the continuance of the criminal contempt proceedings which were initiated pursuant to this Court's "Order of Abatement and Referral of Enforcement Proceeding to the Trial Court." We deny relator's petition for writ of prohibition.

## Conclusion

We grant relator's petition for writ of habeas corpus, order relator released from the bond set by this Court on November 26, 2013, and order relator discharged from custody.[5] We deny relator's petition for writ of prohibition.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley, and Brown.

---

[5] Since the capias was issued to enforce the contempt order which has been found void, the capias is also hereby rendered void. *See Ex parte Rosser*, 899 S.W.2d 382, 387 n.13 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

11