**Opinion issued December 2, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00235-CV

————————————

## IN RE KIMBERLYN THOMPSON, Relator

———

### Original Proceeding on Petition for Writ of Mandamus

———

### MEMORANDUM OPINION

Relator, Kimberlyn Thompson, has filed a petition for writ of mandamus, challenging the trial court's order holding her in contempt for failure to pay child support.[1] In a single issue, Thompson contends the trial court's order is void because it (1) does not specify an amount that she must pay to purge herself of

---

[1] The underlying proceeding is *In the Interest of ___ and ___, Children*, cause number 2010-48605, in the 310th District Court of Harris County, Texas, the Honorable Lisa Millard presiding.

contempt, and (2) assesses a fine in excess of $500.00. We grant Thompson's petition for writ of mandamus in part.

**Background**

On February 26, 2013, the trial court signed an order that required Thompson to pay real party in interest, Francis Michael Reilly, the amount of $240.00 per month for the support of the parties' two children and an additional amount of $72.00 per month as medical support for the children's health insurance premiums. Reilly subsequently filed a motion to enforce the order, contending that Thompson had failed to pay support as ordered and requesting that Thompson be held in contempt. On August 27, 2013, the trial court found that Thompson had failed to pay support in the amount of $1,809.35 during the period from March 1, 2013, through August 11, 2013. The court held that each of four failures to pay support constituted a separate act of contempt; ordered Thompson confined for ninety days for each violation, with the periods of confinement to run concurrently; and assessed a fine of $1,809.35 for each violation. The trial court suspended Thompson's commitment to jail—but not the fines—conditioned upon her payment of (1) $80.00 per month to Reilly until the support arrearage was paid; (2) $75.00 per month to Reilly's counsel until attorney's fees of $2,307.63 were paid; and (3) all child support as ordered by the trial court. The trial court rendered judgment in Reilly's favor in the total amount of $1,809.35. Finally, the trial court

2

set a hearing date to determine whether Thompson had complied with the conditions for suspension of commitment.

## Discussion

### A.    Standard of review

Contempt orders that do not involve confinement may be reviewed by a petition for writ of mandamus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding); *see In re Look*, No. 01-02-00959-CV, 2003 WL 876650, at *2 (Tex. App.—Houston [1st Dist.] Mar. 5, 2003, orig. proceeding) (mem. op.) (concluding that contempt order providing for suspension of commitment was reviewable by petition for writ of mandamus). To be entitled to issuance of a writ of mandamus, the relator generally must show that the trial court clearly abused its discretion and she has no adequate remedy by appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). In an original proceeding challenging a contempt order, the relator has the burden to show that the order is void. *See In re Aslam*, 348 S.W.3d 299, 302 (Tex. App.—Fort Worth 2011, orig. proceeding) (citing *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding)); *Snodgrass v.*

3

*Snodgrass*, 332 S.W.3d 653, 663 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Because a contempt order is not reviewable by appeal, there is no adequate remedy by appeal, and the second prong of mandamus review is satisfied. *See In re Aslam*, 348 S.W.3d at 302 (citing *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 916 (Tex. App.—Fort Worth 2007, orig. proceeding)).[2]

**B.     The contempt order reflects a judgment for criminal contempt**

By her first issue, Thompson contends that the trial court's order is void because it does not specify an amount that she is to pay to purge herself of contempt if confined. Reilly responds that the order suspends commitment and, therefore, "does not have to state how [Thompson] can get out of jail . . . ." We conclude that the order was not required to specify an amount by which relator could purge herself of contempt.

A contempt judgment may be either civil or criminal. *See In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011).  A judgment that provides that the contemnor is to be committed unless and until she performs the affirmative act required by the court's order is a civil contempt order. *In re Mott*, 137 S.W.3d 870, 874 (Tex.

---

[2]     Reilly contends that Thompson's complaint is moot because she "has purged herself of the probationary period by paying her arrearage judgment." The fines assessed against Thompson were not probated, and therefore challenges to the fines are not moot due to the suspension of commitment. Moreover, we have been presented no mandamus record to support the conclusion that Thompson fully complied with the conditions for suspension of commitment so as to moot that aspect of her challenge.

4

App.—Houston [1st Dist.] 2004, orig. proceeding) (citing *Ex parte Johns*, 807 S.W.2d 768, 770 (Tex. App.—Dallas 1991, orig. proceeding)). Civil contempt is remedial and coercive. *In re Bannwart*, 439 S.W.3d 417, 421 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (citing *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proceeding) and *In re Houston*, 92 S.W.3d 870, 876 n.2 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding)). Release may be procured by compliance with the provisions of the trial court's order. *In re Bannwart*, 439 S.W.3d at 421 (citing *In re Houston*, 92 S.W.3d at 876 n.2). When civil contempt is imposed, the order "must spell out exactly what duties and obligations are imposed and what the contemnor can do to purge the contempt." *In re Houston*, 92 S.W.3d at 877. In contrast, criminal contempt is punitive in that the sentence is not conditioned upon a promise of future performance. Rather, the contemnor is being punished for past disobedience to a court order that constitutes an affront to the dignity and authority of the court. *See In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (citing *Ex parte Werblud*, 536 S.W.2d at 545); *In re Houston*, 92 S.W.3d at 876 n.2 (citing *Ex parte Werblud*, 536 S.W.2d at 545–46).

Here, the contempt order on its face is criminal in nature. The order reflects that the trial court found Thompson in contempt for each of four separate violations enumerated in the order, assessed punishment for each separate violation

5

at "confinement in the county jail of Harris County, Texas for a period of 90 days," and ordered her "committed to the county jail of Harris County, Texas, for a period of 90 days" for each violation, with the periods of confinement to run concurrently. Although suspending confinement upon her compliance with specified conditions, the order imposes punishment for Thompson's past failure to make support payments. The order does not include a provision for civil contempt or coercive confinement; rather, it reflects a judgment for criminal contempt. Thompson's contention that the order does not specify an amount that she is to pay to purge herself of contempt is a contention properly directed to a coercive or civil contempt order. *See In re Johnson*, No. 14-09-00775-CV, 2009 WL 4345405, at *3 (Tex. App.—Houston [14th Dist.] Dec. 3, 2009, orig. proceeding). Thus, we conclude that the order is not void because it does not include language specifying how Thompson was to purge herself of contempt if confined.[3] We overrule Thompson's first issue.

---

[3]    Thompson argues that the trial court's order fails to state the exact amount of child support that she "was required to pay and to whom in order to be released from jail." The cases on which she relies are inapposite. *See Ex parte Proctor*, 398 S.W.2d 917, 918 (Tex. 1966); *Ex parte Anderson*, 893 S.W.2d 195, 196 (Tex. App.—El Paso 1995, orig. proceeding). In each case, the trial court sought to coerce relator's compliance by ordering him confined until an arrearage was paid. *See Ex parte Proctor*, 398 S.W.2d at 918; *Ex parte Anderson*, 893 S.W.2d at 196.

6

## C.    The fine assessed exceeds the statutory maximum

By her second issue, Thompson contends that the trial court's order is void because the trial court assessed a fine of more than $500.00. Reilly responds that the order does not assess fines. Rather, according to Reilly, the amount of $1,809.35 "is for child support arrearages Thompson failed to pay, not fines."

The August 27, 2013 order granted Reilly a judgment against Thompson in the amount of $1,809.35 for child support arrearage. The order also provides "that punishment for each separate violation is assessed at a fine of $1,809.35 . . . ." The maximum fine for a contempt violation is "a fine of not more than $500 . . . ." TEX. GOV'T CODE ANN. § 21.002(b) (West 2004). The "fine of $1,809.35" for each of four separate violations exceeds the maximum fine permitted by the statute. *See Ex parte Blackthorne*, 818 S.W.2d 107, 110 (Tex. App.—San Antonio 1991, orig. proceeding); *see also In re Acevedo*, No. 13-05-335-CR, 2005 WL 1714310, at *3 (Tex. App.—Corpus Christi July 22, 2005, orig. proceeding) (mem. op.) (noting that order assessing fine of $3,000.00 violated contempt statute). Accordingly, we conclude that the portion of the order that assesses a fine against Thompson is void.

## Conclusion

We conditionally grant Thompson's petition for writ of mandamus in part and direct the trial court to vacate the portion of the August 27, 2013 order that

assesses punishment for each separate violation at a fine of $1,809.35. The writ will issue only if the trial court does not comply. We deny Reilly's request for an award of attorney's fees. Finally, we vacate this Court's stay order, issued on March 21, 2014.

**PER CURIAM**

Panel consists of Justices Jennings, Sharp, and Massengale.