

# NUMBER 13-14-00688-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RAMIRO R. GARZA JR.

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez[1]**

On December 2, 2014, relator, Ramiro R. Garza Jr., proceeding pro se, filed a petition for writ of habeas corpus through which he seeks release from incarceration for punitive contempt and coercive contempt based on his failure to pay child support and medical support. Relator contends generally that his incarceration is illegal because he has been incarcerated without due process and specifically, because he has not been provided with a hearing under sections 157.101 and 157.105 of the Texas Family Code.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*See* Tex. Fam. Code Ann. §§ 157.101, 157.105 (West, Westlaw through 2013 3d C.S.).[2] As stated herein, we deny the petition for writ of habeas corpus.

## I. Background

Relator was divorced from Jessica Marie Arredondo and was ordered to pay child support for his minor child, P.J.G. On December 14, 2012, the trial court ordered relator to pay monthly child support of $685 and monthly medical support of $350. The Office of the Attorney General ("OAG") thereafter filed a motion to enforce and modify relator's support obligations. The associate judge held a hearing on the OAG's motion on April 22, 2014 and entered an order granting the OAG's motion that same day. The order issued by the associate judge, which was entitled "Order Enforcing and Modifying Support Obligation," was adopted and countersigned by the trial court judge on April 28, 2014.

In this order, the trial court concluded that relator owed $15,089.87 in child support arrearages and $12,352.61 in medical support arrearages. The trial court reduced relator's monthly child support obligation to $298 per month and medical support obligation to $82 per month. The trial court concluded that relator failed to pay his current child support and medical support on four separate occasions and held relator in punitive or criminal contempt for the eight separate failures to pay child support and medical support. The trial court sentenced relator to 180 days of incarceration in the Bee County Jail for each separate count of punitive contempt with each sentence running concurrently. The trial court also concluded that relator should be held in coercive contempt until he paid the past due child support arrearages, medical support arrearages,

---

[2] This cause arises from trial court cause number B-08-1128-CV-1 in the 36th District Court of Bee County, Texas. The respondents in this original proceeding are the Honorable Joe Vickers, Associate Judge, and the Honorable Starr Bauer, Judge of the 36th District Court.

and $100 in attorney's fees. In this same order, the trial court ordered the Sheriff of Bee County to arrest relator and commit him to jail for the 180 days of confinement. The trial court ordered relator to appear at court on August 22, 2014 to begin his confinement. Relator failed to appear as ordered on August 22, 2014, and the trial court issued a commitment order that same day. Relator was arrested on September 15, 2014. Relator remains confined in the Bee County Jail.

The April 22, 2014 order states that relator, Arredondo, and the OAG appeared at the hearing on the motion to modify. The order further recites that relator appeared pro se and "was advised of his rights, including the right to a court appointed attorney if found indigent." The court's order recited that relator "knowingly and intelligently waived his rights and proceeded [p]ro [s]e and agreed to the entry of these orders as evidenced by his signature." Relator initialed the first thirteen pages of the order and signed the fourteenth page. The fifteenth page and final of the order contains the signatures of the associate judge and the district court judge, and is further signed by counsel for the OAG and Arredondo.

This original proceeding ensued on December 2, 2014. The Court requested a response to the petition for writ of habeas corpus from the real party in interest, Arredondo, or any others whose interest would be directly affected by the relief sought. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The OAG filed a response to the petition for writ of habeas corpus, and relator filed a reply thereto.

## II. HABEAS CORPUS STANDARD

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully

3

confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *In re Mann*, 162 S.W.3d 429, 432 (Tex. App.—Fort Worth 2005, orig. proceeding). A writ of habeas corpus will be issued if the order underlying the contempt order is void or if the contempt order itself is void. *See Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983) (orig. proceeding). In a habeas corpus proceeding, the order or judgment being challenged is presumed to be valid. *In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding); *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). In order to obtain relief by habeas corpus, the relator must establish that the underlying order is void because of a lack of jurisdiction or because the relator was deprived of liberty without due process of law. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding) (per curiam); *Ex parte Merrikh*, 361 S.W.3d 209, 210 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (per curiam); *In re Turner*, 177 S.W.3d at 288; *In re Butler*, 45 S.W.3d 268, 270 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The relator bears the burden of showing that he is entitled to relief. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *In re Turner*, 177 S.W.3d at 288.

### III. CHILD SUPPORT ENFORCEMENT

The Texas Constitution prohibits a trial court from confining a person under its contempt powers as a means of enforcing a judgment for debt. TEX. CONST. art. I, § 18 ("No person shall ever be imprisoned for debt."); *see Tucker v. Thomas*, 419 S.W.3d 292, 297 (Tex. 2013). In contrast, a child support obligation and attorney's fees related to a child support enforcement proceeding are viewed as a legal duty and are not considered

4

a debt.  *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding) (per curiam); *see also Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 189 (1953).  Therefore, a trial court may use its contempt power as set forth in Chapter 157—including the possibilities of confinement, garnishment of wages, and suspension of the obligor's driver's license—to ensure that child support obligors pay overdue child support.  *See* TEX. FAM. CODE ANN. §§ 158.0051, 232.003 (West, Westlaw through 2013 3d C.S.); *In re Henry*, 154 S.W.3d at 596.  In view of the myriad mechanisms available to a trial court to enforce child support obligations, the Texas Supreme Court has characterized the collection of child support as "without question, serious business."  *In re Office of Att'y Gen.*, 422 S.W.3d 623, 627 (Tex.2013).

A contempt judgment may be either civil or criminal in nature.  *See In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011).  Civil contempt is "remedial and coercive in nature" because the confinement is conditioned on obedience with the court's order.  *See id.*; *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976); *In re Bannwart*, 439 S.W.3d 417, 421 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).  Thus, a judgment that provides that the contemnor is to be committed unless and until the contemnor performs the affirmative act required by the court's order is a civil contempt order.  *In re Mott*, 137 S.W.3d 870, 874 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding).  In contrast, criminal contempt is punitive insofar as the contemnor is being punished for disobedience to a court order that constituted an affront to the dignity and authority of the court.  *See In re Reece*, 341 S.W.3d at 365; *Ex parte Werblud*, 536 S.W.2d at 545; *In re R.E.D.*, 278 S.W.3d 850, 855 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding).

## IV. ANALYSIS

By one issue, relator contends that his confinement is illegal and violates due process because he has not been afforded a hearing after being incarcerated.[3] Relator contends that Texas Family Code section 157.101 through 157.105 ensures that a respondent is to be afforded access to the court after being taken into custody.

Under the Texas Family Code, a motion for enforcement may be filed to effectuate a child support order. TEX. FAM. CODE. ANN. § 157.001(a) (West, Westlaw through 2013 3d C.S.). If a respondent who has been personally served with notice fails to appear at an enforcement hearing, the trial court may order the issuance of a capias for the arrest of the respondent. *Id.* § 157.066 (West, Westlaw through 2013 3d C.S.). When the trial court orders the issuance of a capias, it must also set an appearance bond or security,

---

[3] The "Issues Presented" section of relator's petition for writ of habeas corpus provides as follows:

Illegal restraint of the Petitioner without Due Process of Law being observed, by either the Authority of the 5th Amendment of the U.S. Constitution, and Illegal restraint of the Petitioner by the authority of Law as defined within Texas Statutes Family Code [Sections] 157.101-157.105[.]

That the Petitioner has under color of Law as defined and delineated above, the right to take and be presented before a Court in order that Due Process is observed, and his rights are afforded to him.

That he has been deprived of those rights by the actions of the Court and the Assistant State Attorney's Office in this matter, and that the only recourse of this Denial is the issuance of the Writ by this Court.

The continued incarceration of the Petitioner by the authority of the 36th Judicial District Court, absent Due Process, makes the continued confinement of the Petitioner Illegal.

The continued incarceration of the Petitioner in violation of Texas Statutes Family Code 157.105, deprives the Petitioner of Due Process, in light of the mandatory language of the Statute.

The continued incarceration of the Petitioner in violation of the 5th Amendment to the United States Constitution, deprives the Petitioner of Due Process of Law.

Said deprivation of Due Process constitutes Illegal restraint, correctable by this Court.

6

payable to the obligee or to a person designated by the court, in a reasonable amount. *Id.* § 157.101(a) (West, Westlaw through 2013 3d C.S.). Thereafter, if the respondent is taken into custody and not released on bond, he must be brought before the trial court on or before the third working day after his arrest to determine whether his appearance in court at a designated time and place can be assured by a method other than by posting the bond previously established. *Id.* § 157.105(a) (West, Westlaw through 2013 3d C.S.). If the trial court is not satisfied the respondent's appearance in court can be assured and the respondent remains in custody, a hearing on the alleged contempt must be held as soon as practicable, but not later than the seventh day after the respondent was taken into custody, unless the respondent and his attorney waive the accelerated hearing. *Id.* § 157.105(c) (West, Westlaw through 2013 3d C.S.).

In the instant case, relator was not incarcerated by virtue of a capias in order to ensure his presence at an enforcement hearing. Instead, relator was incarcerated by virtue of a commitment order issued after an enforcement hearing at which relator appeared, and which resulted in an order enforcing and modifying support obligations, including the contempt provisions at issue in this original proceeding, which had been agreed to by the parties. Relator's confinement was not due to his failure to appear for a motion to enforce a child support order, and section 157.105 and the attendant sections of the family code are thus inapplicable. *See id.*; *Ex parte Ustick*, 9 S.W.3d 922, 925 (Tex. App.—Waco 2000, orig. proceeding). Accordingly, we reject relator's contention that he has been denied due process by any alleged failure to afford him an additional hearing after incarceration.

7

To the extent that relator raises any additional due process arguments, such as his alleged inability to pay the child support arrearage, we conclude that any additional arguments are waived due to insufficient briefing and the failure of relator to furnish this Court with a complete record in support of these allegations.[4]  The record provided by relator includes only the trial court's "Order Enforcing and Modifying Support Obligation," the "Writ of Commitment," the Bee County Sheriff's return of service, and a "Detention Status Request" showing relator's continued incarceration.  The order at issue in this original proceeding states that the parties waived a record of the trial court proceedings with the consent of the trial court.  Section 157.161 of the Texas Family Code provides that a record of the hearing in a motion for enforcement "shall" be made by a court reporter unless the parties agree to an order, or the motion does not request incarceration and the parties waive the requirement of a record.  *See* TEX. FAM. CODE ANN. § 157.161(a), (b).  According to the recitations in the trial court's order, the parties agreed to an order within the meaning of section 157.161 so as to preclude the requirement of a record.  *See id*. § 157.161(b)(1); *see also In re Sheridan*, No. 03-14-00589-CV, 2014 WL 6140078, at *2 (Tex. App.—Austin Nov. 14, 2014, orig. proceeding) (mem. op.); *Ex parte Coronado*, No. 13-09-00149-CV, 2009 WL 961948, at *5 (Tex. App.—Corpus Christi Apr. 9, 2009, orig. proceeding) (mem. op.).

Under the presumption of regularity of judgments, we are required to presume recitations in the final judgment are correct absent any evidence to the contrary.  *Sedona*

---

[4] For instance, relator alleges that he signed an invalid "Delayed Terms of Commitment Order" pertaining to a different individual and referencing a different case number with the OAG; however, the record before the Court indicates that the "Order Enforcing and Modifying Support Obligation," the "Waiver of Rights," the "Commitment Order," and the "Writ of Commitment" each identify relator by name and by his case number with the OAG.

*Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 511 (Tex. App.—El Paso 2013, no pet.); *Vernon v. Perrien*, 390 S.W.3d 47, 58 (Tex. App.—El Paso 2012, pet. denied); *S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 12–14 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). The trial court's order affirmatively states that relator could have timely paid the specified child support and medical support, but failed to do so. The record before this Court in this original proceeding fails to contain any evidence contradicting the recitations in the judgment. Accordingly, based on the limited record available to us, we reject relator's remaining arguments regarding the invalidity of the trial court's order.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of habeas corpus, the response, the reply, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. *See In re Munks*, 263 S.W.3d at 272–73; *In re Turner*, 177 S.W.3d at 288. Accordingly, relator's petition for writ of habeas corpus is denied. *See* TEX. R. APP. P. 52.8(a).

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
19th day of December, 2014.

9