# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-15-00032-CV
_____

### IN RE MUJTABA ALI KHAN

---

### Original Proceeding

---

### MEMORANDUM OPINION

In a petition accompanied by a motion for temporary relief, Relator, Mujtaba Ali Khan, asks this Court to issue a writ of prohibition restraining the judge of the 284th District Court of Montgomery County, Texas, "from holding any contempt proceedings to enforce any orders currently on appeal before this Court[.]" Relator currently has pending before this Court an appeal from a judgment on the merits and an appeal from a turnover order in the same case. The judgment orders Relator to transfer his ownership interest in Xenon Anesthesia of Texas PLLC to the real party in interest, Haroon Chaudhry, M.D., and awards attorney's fees. The judgment has not been superseded. *See* Tex. R. App. P. 24.2(a)(2). The turnover

1

order requires Relator to deliver an executed Equity Interest Assignment Agreement transferring Relator's interest in the company to Chaudhry and orders Relator to pay attorney's fees to Chaudhry. The trial court has scheduled a show cause hearing for January 28, 2015, to determine whether Relator should be held in contempt for disobeying the turnover order.

The purpose of a writ of prohibition is to "protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989). In this case, Relator has not shown that the trial court lacks authority to hold contempt proceedings and enforce its orders. "A trial court is free to aid execution while an unsuperseded judgment is on appeal." *In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex. 2004).

"An appellate court still retains the overarching power to stay any actions of a trial court, including contempt proceedings, that may interfere with its jurisdiction or the subject matter of the appeal." *Id.* Relator contends that he has a meritorious appeal, but he has not demonstrated that the issuance of a writ of prohibition is necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a) (West 2004). We deny the petition for a writ of prohibition and the motion for temporary relief. *See* Tex. R. App. P. 52.8.

PETITION DENIED.

PER CURIAM

Submitted on January 22, 2015
Opinion Delivered January 22, 2015

Before Kreger, Horton, and Johnson, JJ.