In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00007-CV
_____

**MUJTABA ALI KHAN, Appellant**

**V.**

**HAROON CHAUDHRY, Appellee**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 14-03-02507 CV

**MEMORANDUM OPINION**

Mujtaba Ali Khan appeals from a turnover order entered in a post-judgment proceeding filed by Haroon Chaudhry. In his appellate brief, Khan: (1) contends the trial court abused its discretion when it ordered him to turn over an equity interest in Xenon Anesthesia of Texas, PLLC directly to Chaudhry; (2) argues the trial court abused its discretion in awarding attorney's fees incurred for pursuing the application for a turnover order; and (3) reserves a request for mandamus relief

1

for future proceedings. We find no reversible error, and we affirm the trial court's turnover order.

## Background

A suit between Khan and Chaudhry resulted in a final judgment ordering Khan to undertake all actions necessary and execute all documents necessary to transfer his ownership interest in Xenon Anesthesia of Texas, PLLC ("Xenon Texas") to Chaudhry, and to pay $430,000.00 to Chaudhry as reasonable attorney's fees as well as court costs. *See Khan v. Chaudhry*, No. 09-14-00479-CV, 2016 WL 1158734, *1 (Tex. App.—Beaumont Mar. 24, 2016, no pet. h.) (mem. op.) (affirming trial court's judgment). While the case was on appeal, Chaudhry obtained the turnover order that is the subject of this appeal. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 2015).

## Turnover Order

In issue one, Khan contends the trial court abused its discretion when it ordered Khan to turn over the equity interest in Xenon Texas directly to Chaudhry. We review a trial court's turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner. *Id*.

2

A trial court may compel a judgment debtor to execute documents to implement the turnover of a non-exempt asset. *Gerdes v. Kennamer*, 155 S.W.3d 541, 547 (Tex. App.—Corpus Christi 2004, no pet.). The turnover statute allows a trial court to order a judgment debtor to turn over nonexempt property to a designated sheriff or constable for execution, or to a receiver for sale; however, "a turnover order may not order the turnover of property directly to judgment creditors." *Lozano v. Lozano*, 975 S.W.2d 63, 68-69 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). A direct transfer is not permitted because the statute allows a turnover order to be entered ex parte and a direct turnover might deprive the judgment creditor of an opportunity to assert his defenses. *See Ex parte Johnson*, 654 S.W.2d 415, 418-19 (Tex. 1983).

A turnover order that requires a judgment debtor to turnover property directly to a judgment creditor constitutes a voidable, not a void, order. *Id.* at 419. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1)(A). The judgment debtor waives his complaint that an order required a direct turnover to the judgment creditor if he fails to

present his challenge to the trial court. *D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 858 (Tex. App.—Fort Worth 2013, no pet.).

Khan filed a response to Chaudhry's motion for a turnover order, and he participated in the hearing that resulted in the issuance of a turnover order. The appellate record does not contain a motion to modify the order granting Chaudhry's application for a turnover order. Khan filed a motion to abate the suit after the trial court signed the turnover order, and he participated in a contempt hearing regarding his failure to sign documents to implement a transfer of Xenon Texas to Chaudhry. However, at no point discernable from the appellate record did Khan complain to the trial court that the order required him to turn over the executed documents directly to Chaudhry, as opposed to a sheriff or constable. Khan failed to preserve this issue for appellate review. *See* Tex. R. App. P. 33.1(a)(1)(A). We overrule issue one.

## Attorney's Fees

In issue two, Khan contends the trial court abused its discretion in awarding to Chaudhry attorneys' fees incurred in pursuing the application for the turnover order. The turnover statute authorizes recovery of attorney's fees in a turnover proceeding. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(e). To recover attorney's fees, the judgment creditor must be successful in obtaining turnover

relief, and the attorney's fees must be reasonable. *Great Global Assurance Co. v. Keltex Props., Inc.*, 904 S.W.2d 771, 776 (Tex. App.—Corpus Christi 1995, no pet.).

Khan argues the turnover order exceeds the scope of the judgment and exceeds the authority granted by the turnover statute. The judgment granted specific performance to Chaudhry and ordered Khan to "undertake all actions necessary and execute all documents necessary to effectuate the transfer of his ownership interest in Xenon Anesthesia of Texas PLLC" to Chaudhry. In his appellate brief, Khan does not explain why requiring Khan to execute the Equity Interest Assignment Agreement transferring his interest in Xenon Texas to Chaudhry is not a document necessary to effectuate the transfer of his ownership interest as ordered by the judgment.[1] Chaudhry prevailed in obtaining turnover relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(e).

The trial court awarded Chaudhry $2,450 in attorneys' fees. In this appeal, Khan challenges the award of attorneys' fees solely on the basis that any award is unauthorized. He has not challenged the reasonableness of the amount of the

---

[1] In the hearing before the trial court, Khan argued that Chaudhry's sole remedy was a charging order, but he does not advance this argument in his appeal. *See generally* Tex. Bus. Orgs. Code Ann. § 101.112 (West 2012). A membership interest in a limited liability company may be assigned. *See generally Id.* § 101.108 (West 2012).

5

award. We hold attorney's fees were recoverable by Chaudhry under section 31.002(e) of the Civil Practice and Remedies Code, and we overrule issue two.

## Mandamus

In issue three, Khan states, "Appellant reserves his rights to seek mandamus relief for the equity interest that was signed away to the Appellee during the contempt hearing." Khan does not ask this Court to grant mandamus relief in connection with this appeal.[2] We decline to issue an advisory opinion on a matter not currently before this Court. *See generally McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 232 (Tex. 2001) ("Texas courts have no authority to render advisory opinions."). We overrule issue three, and we affirm the trial court's turnover order.

---

[2] The appellant does not mention any of the original proceedings he previously brought to the Court. *See In re Khan*, No. 09-15-00158-CV, 2015 WL 2124992 (Tex. App.—Beaumont Apr. 29, 2015, orig. proceeding) (mem. op.) (denying mandamus petition to compel trial court to vacate turnover order); *In re Khan*, No. 09-15-00036-CV, 2015 WL 365816 (Tex. App.—Beaumont Jan. 27, 2015, orig. proceeding [mand. denied]) (mem. op.) (denying petition for writ of mandamus to stay execution on final judgment); *In re Khan*, 454 S.W.3d 709 (Tex. App.—Beaumont 2015, orig. proceeding) (mem. op.) (denying petition for writ of prohibition against contempt hearing); *In re Khan*, No. 09-14-00309-CV, 2014 WL 3697030 (Tex. App.—Beaumont July 24, 2014, orig. proceeding) (mem. op.) (denying petition for writ of mandamus complaining of a protective order on discovery); *In re Khan*, No. 09-14-00028-CV, 2014 WL 199024 (Tex. App.—Beaumont Jan, 16, 2014, orig. proceeding) (mem. op.) (denying petition for writ of mandamus complaining of a contempt show cause order).

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 25, 2015
Opinion Delivered April 21, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.