# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00351-CV

**In re State of Texas *ex rel.* David Escamilla, Travis County Attorney**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relator, the State of Texas, acting by and through the County Attorney for Travis County, Texas, David Escamilla, has filed a petition for writs of prohibition and mandamus with this Court alleging that Respondent, the Honorable Daniel H. Mills, sitting by assignment in the County Court at Law No. 3 of Travis County, Texas, and the 403rd District Court of Travis County, Texas, lacks jurisdiction to conduct proceedings in trial cause number C-1-CR-12-209490, *The State of Texas v. David Delacruz*, because the State has appealed the trial court's order granting a new trial in that cause. The State asks this Court to direct Respondent to conduct no further proceedings and take no further action until the State's appeal has concluded by issuance of a mandate from this Court. For the reasons that follow, we conditionally grant the petition for writ of prohibition and deny the petition for writ of mandamus.

## BACKGROUND

On March 5, 2018, in the County Court at Law No. 3 of Travis County, Texas, with the Honorable John Lipscombe presiding, David Delacruz, defendant below and real party in interest

here, was convicted by a jury of driving while intoxicated in trial cause number C-1-CR-12-209490, and the trial judge sentenced him to serve 90 days in jail. This prohibition/mandamus proceeding relates to events that occurred post trial. We provide an overview of the relevant events below.

On March 9, 2018, Delacruz filed a post-trial motion to set aside the verdict, which asserted prosecutorial misconduct during trial. Delacruz asked the trial judge to "declare a mistrial with prejudice." After conducting an evidentiary hearing on the motion that same day, the trial judge orally granted the motion, declaring a mistrial "without prejudice." On March 21, 2018, the State sent a letter to the trial judge asking the court to memorialize its March 9th order to written form and to enter findings of fact.

On March 27, Delacruz filed a pretrial application for writ of habeas corpus in County Court at Law No. 3 in trial cause number C-1-CR-12-209490, asserting that retrial was jeopardy barred.

On March 28, 2018, the State made its second request for the trial judge to reduce its order granting a new trial to written form. On March 29, 2018, the State filed its notice of appeal of the trial judge's order granting a new trial.

On April 4, 2018, Delacruz filed a motion for new trial in trial cause number C-1-CR-12-209490, asserting prosecutorial misconduct during trial and asking that the conviction "be set aside and the case dismissed with prejudice."

On April 5, 2018, the trial judge's signed written order granting Delacruz a new trial was filed in trial cause number C-1-CR-12-209490. The notation of "entered on record on March 9th" appeared as the signature date.

2

On April 17, 2018, in trial cause number C-1-CR-12-209490, Delacruz filed a motion to recuse the Travis County County Attorney's office from the case.

On May 1, 2018, Delacruz filed a subsequent pretrial application for writ of habeas corpus in the 403rd Judicial District Court under cause number D-1-DC-18-100087, asserting that retrial was jeopardy barred.

The trial court scheduled a hearing for May 21, 2018, on the motion for new trial, both pretrial applications for writ of habeas corpus, and the motion to disqualify the Travis County County Attorney's office.[1]

On May 21, 2018, relator, the State of Texas, acting by and through the County Attorney for Travis County, Texas, David Escamilla, filed a petition for writs of prohibition and mandamus in this Court, requesting that we direct Respondent to refrain from conducting any further proceedings or taking any further action relating to trial cause number C-1-CR-12-209490 until the court receives the mandate from this Court resolving the State's appeal.[2]  The State asserts that the

---

[1]  The record reflects that on March 13, 2018, after the post-trial motion to set aside the verdict was granted, Delacruz filed a motion to recuse the trial judge from the matter because he "can not preside over this matter going forward at least not to hear these motions to Dismiss for Speedy Trial Violations and Pleas in Bar."  The trial judge voluntarily recused himself on March 15, 2018. The administrative judge assigned a visiting judge, whose assignment was subsequently recalled for medical reasons after Delacruz's two motions to recuse the visiting judge were denied.  On April 25, 2018, the administrative judge assigned the Honorable Daniel H. Mills "to preside in Cause Number C-1-CR-12-209490."  Judge Mills subsequently scheduled the May 21st hearing.

[2]  Also in the petition, the State moved for an emergency stay of the scheduled hearing on Delacruz's motion for a new trial, pretrial application for writ of habeas corpus, and motion to disqualify the Travis County County Attorney's Office in cause number C-1-CR-12-209490, and Delacruz's pretrial application for writ of habeas corpus in cause number D-1-DC-18-100087.  We granted the State's requested emergency stay in a separate written order entered on May 21, 2018.

trial court lacks jurisdiction to conduct further proceedings or take further action in that cause because of the pending State's appeal in appellate cause number 03-18-00196-CR.

## STANDARDS OF REVIEW

To be entitled to mandamus relief in a criminal case, the relator must show that (1) he has no adequate remedy at law to redress the harm he alleges and (2) what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013); *In re State ex rel. Tharp*, 393 S.W.3d 751, 754 (Tex. Crim. App. 2012). A writ of prohibition must meet the same standards as a writ of mandamus. *In re Medina*, 475 S.W.3d 291, 297 (Tex. Crim. App. 2015). "The essential difference between the writ of prohibition and the writ of mandamus is that the former issues to prevent the commission of a future act whereas the latter operates to undo or nullify an act already performed; the former will not be granted when the act sought to be prevented is already done, but will lie when such act is not a full, complete and accomplished judicial act." *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985); *see In re Medina*, 475 S.W.3d at 297.

To merit relief through a writ of prohibition, the relator must show that the act he wishes the higher court to restrict "does not involve a discretionary or judicial decision." *In re Medina*, 475 S.W.3d at 297 (quoting *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding)). The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought because the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *Id.* at 298; *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014). "If a trial judge lacks authority or jurisdiction to take particular action, the judge has a 'ministerial' duty to refrain from taking that action, to reject or

4

overrule requests that he take such action, and to undo the action if he has already taken it." *In re Medina*, 475 S.W.3d at 298 (quoting George E. Dix & John M. Schmolesky, 43B *Texas Practice Series: Criminal Practice and Procedure* § 61.29 (3d ed. 2011)). The relator must further show that he has no adequate remedy at law. *Id.* at 297; *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *In re Medina*, 475 S.W.3d at 297–98 (quoting *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987)).

## DISCUSSION

The State asks this Court to direct Respondent to refrain from conducting any further proceedings or taking any further action relating to trial cause number C-1-CR-12-209490 until the State's appeal of the trial court's order granting a new trial has concluded by issuance of this Court's mandate. Thus, the State seeks a writ of prohibition, not a writ of mandamus. *See In re Cherry*, 258 S.W.3d 328, 332 n.2 (Tex. App.—Austin 2008, orig. proceeding) ("A writ of prohibition directs a lower court to refrain from doing some act, while a writ of mandamus commands a lower court to do some act.").

A writ of prohibition is a limited-purpose remedy available to protect the subject matter of an appeal or to prohibit unlawful interference with enforcement of an appellate court's judgment. *In re Beasley*, No. 05-18-00553-CV, 2018 WL 2315964, at *2 (Tex. App.—Dallas May 22, 2018, orig. proceeding); *In re Bien*, No. 08-16-00035-CV, 2016 WL 1371635, at *1 (Tex. App.—El Paso Apr. 6, 2016, orig. proceeding); *In re State ex rel. Munk*, 494 S.W.3d 370, 376–77

5

(Tex. App.—Eastland 2015, orig. proceeding); *In re Khan*, 454 S.W.3d 709, 710–11 (Tex. App.—Beaumont 2015, orig. proceeding); *In re Bannwart*, 439 S.W.3d 417, 422 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re Bunt*, No. 14-11-00874-CV, 2011 WL 5009472, at *1 (Tex. App.—Houston [14th Dist.] Oct. 20, 2011, orig. proceeding); *In re Barbee*, No. 12-09-00165-CV, 2010 WL 3341518, at *3 (Tex. App.—Tyler Aug. 25, 2010, orig. proceeding); *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); *see Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding); *see also* Tex. Gov't Code § 22.221(a).

"This writ operates like an injunction issued by a superior court to control, limit or prevent action in a court of inferior jurisdiction." *Holloway*, 767 S.W.2d at 682; *see In re Beasley*, 2018 WL 2315964, at *2; *In re Gallardo*, No. 13-14-00203-CV, 2015 WL 730920, at *4 (Tex. App.—Corpus Christi Feb. 19, 2015, orig. proceeding); *In re Cherry*, 258 S.W.3d at 332 n.2; *In re Lewis*, 223 S.W.3d at 761; *In re State*, 180 S.W.3d 423, 425 (Tex. App.—Tyler 2005, orig. proceeding). The purpose of the writ is to enable a superior court to protect and enforce its jurisdiction and judgments. *Holloway*, 767 S.W.2d at 682; *In re Murphy*, 484 S.W.3d 655, 656 (Tex. App.—Tyler 2016, orig. proceeding); *In re Gallardo*, 2015 WL 730920, at *4. The extraordinary nature of the writ of prohibition requires caution in its use. *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re Barbee*, 2010 WL 3341518, at *3; *In re State*, 180 S.W.3d at 425; *see Guerra v. Garza*, 987 S.W.2d 593, 594 (Tex. Crim. App. 1999) (prohibition is extraordinary proceeding "to be used sparingly").

6

### *Clear Right to Relief Sought*

This Court may issue a writ of prohibition: (1) to prevent interference with its jurisdiction in deciding a pending appeal; (2) to prevent a lower court from entertaining a suit that will relitigate controversies that have already been settled by the Court; and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction. *In re Dallas Cty. Pub. Def.'s Office*, No. 05-17-01151-CV, 2018 WL 446429, at *2–3 (Tex. App.—Dallas Jan. 17, 2018, orig. proceeding.); *In re Beasley*, 2018 WL 2315964, at *2; *In re Gallardo*, 2015 WL 730920, at *4; *In re Herrera*, No. 05-14-00394-CV, 2014 WL 1477922, at *1 (Tex. App.—Dallas Apr. 14, 2014, orig. proceeding); *In re State*, 180 S.W.3d at 425.

The State has identified a pending proceeding over which this Court has jurisdiction. The State has appealed the trial court's order granting a new trial in cause number C-1-CR-12-209490. The appeal is pending in this Court in appellate cause number 03-18-00196-CR. The appellate record has been filed, and the subject matter of the appeal is the trial court's decision to grant a new trial. Thus, we have pending jurisdiction to protect and preserve by way of a writ of prohibition. *See, e.g.*, *In re Bannwart*, 439 S.W.3d at 422.

Moreover, because the State has appealed the trial court's order granting a new trial and the appellate record has been filed, the trial court lacks jurisdiction to conduct further proceedings or take further action on this matter. *See* Tex. R. App. P. 25.2(g) (providing that, once record has been filed in appellate court, "all further proceedings in the trial court . . . will be suspended until the trial court receives the appellate-court mandate"); *Ex parte Macias*, 541 S.W.3d 782, 786 (Tex. Crim. App. 2017), *cert. denied sub nom. Macias v. Texas*,

138 S. Ct. 1562 (2018) (considering interplay between State's right to appeal under Article 44.01(a) or (b) and jurisdictional bar of Rule of Appellate Procedure 25.2(g) and concluding that trial court is deprived of jurisdiction over case during pendency of State's appeal and that jurisdiction resumes in trial court only after appellate court's mandate issues); *cf. State v. Robinson*, 498 S.W.3d 914, 921 (Tex. Crim. App. 2016) (State's appeal of trial court's grant of shock probation stayed proceedings until appeal was resolved when appellate court's mandate issued). Any further action by the trial court relating to the subject matter of the State's appeal would contravene the properly invoked jurisdiction of this Court.[3] *See Kirk v. State*, 454 S.W.3d 511, 517 (Tex. Crim. App. 2015) (Alcala, J., concurring) ("[O]nce the State chooses to pursue the avenue of appellate review, that action will have the effect of limiting the trial court's authority to rescind or modify its new-trial order going forward, either as a result of the loss of jurisdiction during the pendency of the appeal or as a result of being bound by the appellate court's subsequent ruling on the merits of the appeal.").

---

[3] We acknowledge this Court's opinion in *Taylor v. State*, where this Court concluded that the jurisdictional bar of Rule 25.2(g) did not foreclose the trial court's consideration of a timely filed motion for new trial. *Taylor v. State*, 163 S.W.3d 277, 282 (Tex. App.—Austin 2005, pet. dism'd). However, we find the situation here distinguishable from the situation presented in that case. In *Taylor*, the precipitous filing of the appellate record deprived the defendant of the opportunity to have a hearing on a timely filed motion for new trial and develop the record. *Id.* at 282–84. Contrarily, here an evidentiary hearing on Delacruz's post-trial motion has already been conducted, the record has been developed as to his claim, and the trial court has granted the motion. Further, it is the trial court's order granting a new trial that is being appealed.

We further acknowledge that in *Kirk v. State*, the Court of Criminal Appeals concluded that there is no specific time limit on the trial court's power to rescind the granting of a new trial. *See Kirk v. State*, 454 S.W.3d 511 (Tex. Crim. App. 2015). However, the court explicitly declined to address "whether the trial court's ability to rescind an order granting a new trial could be affected by events occurring after the grant of a new trial, such as a State's appeal of the order granting a new trial or the start of the new trial." *Id.* at 511 n.1 ("We need not address, for example, whether a State's appeal would temporarily prevent the trial court from rescinding an order granting a new trial by depriving the trial court of jurisdiction of the case while the appeal is pending.").

Given the pending State's appeal and the subject matter of that appeal, we conclude that issuance of a writ of prohibition is necessary to preserve our jurisdiction to determine the issue raised by the State's appeal and to prohibit the trial court from taking further action regarding the order granting a new trial when it lacks jurisdiction to do so.

### No Adequate Remedy at Law

The second requirement to be entitled to a writ of prohibition is that the applicant must show that he has no adequate remedy at law. *In re Medina*, 475 S.W.3d at 297; *State ex rel. Young*, 236 S.W.3d at 210. Here, whether the State has an adequate remedy at law is somewhat complicated.

Article 44.01 of the Code of Criminal Procedure governs States' appeals. *See* Tex. Code Crim. Proc. art. 44.01. Under subsection (e), "The state is entitled to a stay in the proceedings [in the trial court] pending the disposition of an appeal under Subsection (a) or (b) of [the statute]." *Id.* art. 44.01(e); *see id.* 41.01(a)(3) (providing that State may appeal order granting new trial). In theory, the State could invoke the stay provision of article 44.01 in the trial court during the pendency of its appeal of the order granting a new trial. However, habeas proceedings are separate original proceedings. *See Ex parte Carter*, 849 S.W.2d 410, 412 n.2 (Tex. App.—San Antonio 1993, pet. ref'd) (observing that "Habeas Corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an indictment or other forms of the State's pleadings" and "should be docketed separately from the substantive cause and given a different cause number"); *see also Ex parte Young*, 257 S.W.3d 276, 278 (Tex. App.—Beaumont 2008, no pet.) (Gaultney, J., concurring) (concluding that failure to docket habeas corpus proceeding separately did

9

not affect appellate court's jurisdiction, nor did that clerical error "make the habeas corpus proceeding something other than a 'separate and distinct proceeding[ ] independent of the cause instituted by the State'"); *Ex parte Bui*, 983 S.W.2d 73, 76 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (restyling causes as *Ex parte [petitioners]* instead of original *[Petitioners] v. State of Texas* "because habeas corpus proceedings are separate and distinct proceedings independent of the cause instituted by the State" and restyling was consistent with practice of Court of Criminal Appeals). Thus, the statutory stay the State is entitled to would not stay those proceedings.

Further, a respondent in a habeas action, such as the State here, has no general right of appeal from an adverse ruling. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 541 (Tex. Crim. App. 1991). In general, only the unsuccessful applicant is entitled to the right of an appeal in a habeas corpus case. *State ex rel. Holmes*, 819 S.W.2d at 541. However, the State may appeal an adverse ruling in a habeas corpus proceeding if the State would otherwise have had the right of appeal in a criminal case. *State v. Young*, 810 S.W.2d 221, 222–23 (Tex. Crim. App. 1991); *see Alvarez v. Eighth Court of Appeals of Tex.*, 977 S.W.2d 590, 593 (Tex. Crim. App. 1998) ("[I]f the granting of relief by a habeas corpus court results in one of the enumerated situations within Art. 44.01(a), the State may appeal regardless of what label is used to denominate the proceeding which results in the order being entered."). Here, if the trial court grants either of the habeas corpus applications filed, the trial court's order could potentially be an order that the State could appeal under article 44.01. *See* Tex. Code Crim. Proc.

art. 44.01(a)(1) (providing that State may appeal order dismissing information), (a)(4) (providing that State may appeal order sustaining former jeopardy).

The Court of Criminal Appeals, however, has recognized that in some cases, though a remedy at law may technically exist, it may nevertheless "be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *In re Medina*, 475 S.W.3d at 297–98; *see In re State ex rel. Tharp*, 393 S.W.3d at 754 n.8. Under the circumstances presented here, we conclude that the available remedies to the State are sufficiently uncertain, burdensome, inappropriate, and ineffective as to be deemed inadequate.

Concerning the statutory stay provision, the State has appealed the trial court's order granting a new trial. The appellate record has been filed. Thus, the trial court is without jurisdiction to conduct a hearing concerning a motion for new trial or the motion to recuse the county attorney's office. *See* Tex. R. App. P. 25.2(g); *see also Kirk*, 454 S.W.3d at 516 (Alcala, J., concurring) ("In light of [article 44.01(e)], once the State seeks to exercise its right to appeal an order granting a new trial, the trial court would be deprived of jurisdiction over the case during the pendency of such an appeal, and the court would be unable to modify or alter its ruling on the new-trial motion during that period."). Nevertheless—even having been made aware of the State's appeal—the trial court scheduled the May 21st hearing to address these motions. Given the fact that the trial court scheduled the hearing when it lacked jurisdiction to conduct further proceedings, we conclude that the State's remedy of seeking a statutory stay would be "uncertain, burdensome, inappropriate, [and] ineffective." *See In re Medina*, 475 S.W.3d at 297–98; *In re State ex rel. Tharp*, 393 S.W.3d at 754 n.8. Thus, concerning further proceedings in the trial court on the subsequently filed motion for new

trial and the motion to recuse the county attorney's office, we conclude that the State's remedy is inadequate.

Concerning the habeas proceedings, allowing the habeas proceedings to proceed would require the State to litigate Delacruz's double-jeopardy claim before the issue of the new trial, which directly impacts the issue of former jeopardy, has been resolved by this Court in the State's appeal.[4] Such litigation would be "burdensome, inconvenient, [and] inappropriate." *See In re Medina*, 475 S.W.3d at 297–98; *In re State ex rel. Tharp*, 393 S.W.3d at 754 n.8. Further, having to participate in the proceedings and wait for a potential appeal of any trial court order on the habeas corpus applications when the new-trial and former-jeopardy issues may be resolved in the interim by this Court in the State's appeal makes a potential appeal on an order granting habeas relief "uncertain, slow, inconvenient, inappropriate, [and] ineffective." *See In re Medina*, 475 S.W.3d at 297–98; *In re State ex rel. Tharp*, 393 S.W.3d at 754 n.8; *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) ("potential review at a later time is not always or automatically an adequate remedy"). For these reasons, we conclude that the State is without an adequate remedy regarding further proceedings or actions on the habeas corpus applications.

---

[4] Should this Court affirm the order granting a new trial, the issue of former jeopardy becomes relevant to the proceedings; should the court reverse the order granting a new trial, the issue of former jeopardy and subsequent jeopardy is moot.

**CONCLUSION**

Having concluded that a writ of prohibition is necessary to protect and enforce our jurisdiction and to prevent the trial court from acting without jurisdiction and, further, that the State is without an adequate remedy at law, we conditionally grant the petition for writ of prohibition and lift our May 21, 2018 stay order. We direct Respondent to refrain from conducting any further proceedings or taking any further action in trial cause numbers C-1-CR-12-209490 and D-1-DC-18-100087 until the State's appeal in appellate cause number 03-18-00196-CR is concluded by issuance of mandate by this Court, as this Court's ruling on the merits of the motion-for-new-trial issue in that appeal will be controlling over that legal issue. *See State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015) (explaining that, under "law of the case" doctrine,[5] "an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue," and "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution"); *Ex parte Schuessler*, 846 S.W.2d 850, 852 n.7 (Tex. Crim. App. 1993) ("The 'law of the case' doctrine provides that once a question of law in a particular

---

[5] The "law of the case" doctrine provides that an appellate court's resolution of questions of law in a previous appeal of the same case are binding in subsequent appeals concerning the same issue. *State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015); *Carroll v. State*, 101 S.W.3d 454, 461 n.35 (Tex. Crim. App. 2003); *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987). "[W]hen the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014); *see Ware*, 736 S.W.2d at 701. The "law of the case" doctrine "is a court-made doctrine designed to promote judicial consistency and efficiency." *Swearingen*, 424 S.W.3d at 36; *see Swearingen*, 478 S.W.3d at 720. "The doctrine assures trial courts that they can rely on the appellate court's disposition of an issue in presiding over the case and provides an incentive for trial courts to follow these decisions closely." *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999); *see* George E. Dix & John M. Schmolesky, 43B *Texas Practice: Criminal Practice and Procedure* § 56:153 (3d ed. 2016).

case has been finally resolved, that question will not be reconsidered in subsequent proceedings of the same case."); *see, e.g.*, *Kirk*, 454 S.W.3d at 516 (Alcala, J., concurring) ("[A]fter an appellate court rules on the merits of an appeal by the State, the trial court would be bound to follow the appellate court's ruling as to whether the granting of a new trial was proper because such a ruling would constitute the law of the case."). The writ of prohibition will issue only if Respondent fails to act in accordance with this opinion. The State's petition for writ of mandamus is denied.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed: October 5, 2018

14