# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00040-CV

### In re Patrick Earl Tarkington

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Patrick Earl Tarkington filed a pro se petition for writ of prohibition. *See* Tex. Gov't Code § 22.221. Tarkington complains that the district court lacks jurisdiction over the underlying criminal proceeding because of insufficient facts supporting the allegations of a protective order violation charged as a third-degree felony.

A writ of prohibition issues to prevent the commission of a future act that does not involve a discretionary or judicial decision. *See In re State ex rel. Escamilla*, 561 S.W.3d 711, 715 (Tex. App.—Austin 2018, orig. proceeding). But a writ of prohibition is "a creature of limited purpose" that is appropriate only after an appellate court's jurisdiction has been invoked on independent grounds and then only in aid of that jurisdiction. *In re Grant*, No. 14-21-00230-CR, 2021 WL 2099493, at *1 (Tex. App.—Houston [14th Dist.] May 25, 2021, orig. proceeding) (not designated for publication). The purpose of a writ of prohibition therefore is limited only to enabling a superior court to protect and enforce its jurisdiction and judgments

from an inferior court. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex. 1989) (orig. proceeding).

There is no pending appeal nor final judgment in the underlying criminal matter, and therefore no writ is necessary to protect this Court's jurisdiction. *See In re Mix*, No. 10-19-00463-CR, 2019 WL 7246445, at *1 (Tex. App.—Waco Dec. 23, 2019, orig. proceeding) (not designated for publication); *see also* Tex. Gov't Code § 22.221(a). Accordingly, Tarkington's petition for writ of prohibition is dismissed. Tarkington's motion for temporary relief is also denied.

_____
Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Filed: January 11, 2022