

# NUMBER 13-22-00053-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE STEPHEN P. CARRIGAN

On Petition for Writ of Prohibition.

## MEMORANDUM OPINION

### Before Justices Hinojosa, Tijerina, and Silva
### Memorandum Opinion by Justice Tijerina[1]

On February 9, 2022, relator Stephen P. Carrigan filed a petition for writ of prohibition asserting that the trial court erred by exercising jurisdiction over the underlying disciplinary proceeding. We deny the petition for writ of prohibition.

A writ of prohibition is a "creature of limited purpose." *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); *see In re State ex rel. Escamilla*,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

561 S.W.3d 711, 715 (Tex. App.—Austin 2018, orig. proceeding); *In re State ex rel. Munk*, 448 S.W.3d 687, 694 (Tex. App.—Eastland 2014, orig. proceeding); *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). The writ "operates like an injunction issued by a superior court to control, limit[,] or prevent action in a court of inferior jurisdiction." *Holloway v. Fifth Ct. of Apps.*, 767 S.W.2d 680, 682 (Tex. 1989) (orig. proceeding); *see In re Tex. Dep't of Transp.*, 583 S.W.3d 794, 796 (Tex. App.—El Paso 2019, orig. proceeding). "The purpose of the writ is to enable a superior court to protect and enforce its jurisdiction and judgments," and it is "typically used to protect the subject matter of an appeal or to prohibit unlawful interference with the enforcement of a superior court's orders and judgments." *Holloway*, 767 S.W.2d at 683; *see In re Tex. Dep't of Transp.*, 583 S.W.3d at 796; *In re Miller*, 433 S.W.3d at 84.

Thus, a writ of prohibition may issue to: (1) prevent interference in deciding a pending appeal; (2) prevent a court from entertaining a suit which will relitigate controversies which have already been settled; and (3) prohibit a trial court's action when it affirmatively appears that the trial court lacks jurisdiction. *See In re Tex. Dep't of Transp.*, 583 S.W.3d at 796; *In re State ex rel. Escamilla*, 561 S.W.3d at 716. "An appellate court does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act." *In re State ex rel. Munk*, 494 S.W.3d 370, 376–77 (Tex. App.—Eastland 2015, orig. proceeding); *see In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding); *see also In re Moore*, No. 13-21-00004-CV, 2021 WL 717613, at *5

(Tex. App.—Corpus Christi–Edinburg Feb. 24, 2021, orig. proceeding [mand. denied]) (mem. op.).

The Court, having examined and fully considered the petition for writ of prohibition, the response filed by the Commission for Lawyer Discipline (Commission), and the applicable law, is of the opinion that Carrigan has not met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10 ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of prohibition.

In so ruling, we note that the Commission has requested this Court to reconsider our grant of temporary relief, dismiss this original proceeding, and require Carrigan to show cause why he should not be sanctioned under Texas Rule of Appellate Procedure 52.11. *See id.* R. 52.11. We dismiss as moot the Commission's request that we reconsider our ruling granting temporary relief. We deny the Commission's request that we dismiss this original proceeding, and we likewise, after careful consideration, deny the Commission's request that we require Carrigan to show cause why he should not be sanctioned.

JAIME TIJERINA
Justice

Delivered and filed on the
23rd day of February, 2022.

3