

# NUMBER 13-23-00490-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RUBEN ANGUIANO

## On Petition for Writ of Prohibition.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Chief Justice Contreras[1]

Pro se relator Ruben Anguiano filed a petition for writ of prohibition through which he asserts that the Honorable Jo Woolsey, Justice of the Peace for Precinct 2, Place 1, in Nueces County, Texas, lacked jurisdiction to render an eviction judgment and to issue a writ of possession. Relator requests that we issue a writ of prohibition to: (1) prohibit the respondent from executing the writ of possession; (2) vacate the eviction judgment

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

rendered by the respondent and the judge of the county court "due to the critical lack of subject matter jurisdiction"; and (3) dismiss the eviction case based on "severe procedural violations" in order "to uphold the integrity and fairness of the judicial process."

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Custom Home Builders of Cent. Tex. Inc.*, 647 S.W.3d 419, 421 (Tex. App.—San Antonio 2021, orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b), (c).

The Court, having examined and fully considered the petition for writ of prohibition and the applicable law, is of the opinion that we lack jurisdiction over relator's requested relief. We would reach the same result to the extent that relator seeks to undo or nullify acts or actions that have already been performed, and thus relator's requested relief would rest in mandamus. *See In re State ex rel. Escamilla*, 561 S.W.3d 711, 715 (Tex. App.—Austin 2018, orig. proceeding) (addressing the differences between writs of prohibition and mandamus). In short, we have no authority to issue a writ in an original proceeding against a justice of the peace unless it is necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b), (c); *In re Resendez*, 501 S.W.3d

2

680, 681 (Tex. App.—San Antonio 2016, orig. proceeding) (per curiam); *In re Smith*, 355 S.W.3d 901, 901 (Tex. App.—Amarillo 2011, orig. proceeding) (per curiam); *see also In re Duhon*, No. 01-17-00578-CV, 2017 WL 3262099, at *1 (Tex. App.—Houston [1st Dist.] Aug. 1, 2017, orig. proceeding) (mem. op.) (per curiam). Relator has made no such showing here. Accordingly, we dismiss the petition for writ of prohibition for lack of jurisdiction.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
16th day of November, 2023.

3