

# NUMBER 13-25-00583-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MARCO A. CANTU

## ON PETITION FOR WRIT OF PROHIBITION

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Memorandum Opinion by Chief Justice Tijerina[1]**

On November 3, 2025, relator Marco A. Cantu filed a petition for writ of prohibition asserting that: (1) the trial court's first amended permanent injunction signed on February 23, 2023 was void because it was signed after the expiration of plenary power; and (2) this Court should issue a writ of prohibition preventing the trial court from taking action to enforce the first amended permanent injunction. Relator has also filed a motion for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

immediate temporary relief seeking to stay all trial court proceeding pending the resolution of his petition for writ of prohibition. *See* TEX. R. APP. P. 52.10.

A writ of prohibition is a "creature of limited purpose." *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); *see In re State ex rel. Escamilla*, 561 S.W.3d 711, 715 (Tex. App.—Austin 2018, orig. proceeding); *In re State ex rel. Munk*, 448 S.W.3d 687, 694 (Tex. App.—Eastland 2014, orig. proceeding); *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). The writ "operates like an injunction issued by a superior court to control, limit[,] or prevent action in a court of inferior jurisdiction." *Holloway v. Fifth Ct. of Apps.*, 767 S.W.2d 680, 682 (Tex. 1989) (orig. proceeding); *see In re Tex. Dep't of Transp.*, 583 S.W.3d 794, 796 (Tex. App.—El Paso 2019, orig. proceeding). "The purpose of the writ is to enable a superior court to protect and enforce its jurisdiction and judgments," and it is "typically used to protect the subject matter of an appeal or to prohibit unlawful interference with the enforcement of a superior court's orders and judgments." *Holloway*, 767 S.W.2d at 683; *see In re Tex. Dep't of Transp.*, 583 S.W.3d at 796; *In re Miller*, 433 S.W.3d at 84.

Thus, a writ of prohibition may issue to: (1) prevent interference in deciding a pending appeal; (2) prevent a court from entertaining a suit which will relitigate controversies which have already been settled; and (3) prohibit a trial court's action when it affirmatively appears that the trial court lacks jurisdiction. *See In re Tex. Dep't of Transp.*, 583 S.W.3d at 796; *In re State ex rel. Escamilla*, 561 S.W.3d at 716. "An appellate court does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act." *In re State ex rel. Munk*, 494 S.W.3d 370, 376–77 (Tex. App.—Eastland

2

2015, orig. proceeding); *see In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding); *see also In re Moore*, No. 13-21-00004-CV, 2021 WL 717613, at *5 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2021, orig. proceeding [mand. denied]) (mem. op.).

The Court, having examined and fully considered the petition for writ of prohibition and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Leaving other matters aside, we have previously examined and rejected the contention that relator makes in this original proceeding. *See Cantu v. Moore*, No. 13-23-00087-CV, 2024 WL 5087386, at *7 (Tex. App.—Corpus Christi–Edinburg Dec. 12, 2024, pet. denied) (mem. op.) (rejecting relator's assertion that the trial court's February 23, 2023 amended injunction was void based on the expiration of plenary power). Accordingly, we deny both the petition for writ of prohibition and the motion for immediate temporary relief.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
4th day of November, 2025.

3