

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-23-01040-CV

**IN RE LETICIA LOZANO**

Original Proceeding[1]

Opinion by:     Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: June 20, 2024

PETITION FOR WRIT OF HABEAS CORPUS CONDITIONALLY GRANTED

Relator Leticia Lozano filed a petition for writ of habeas corpus asking this court to void

an order for her arrest for failing to appear at a December 1, 2023 hearing. We conditionally grant

the petition.

### BACKGROUND

Lozano is the Region 8 director for the Texas Department of Family and Protective

Services. The Department is the permanent managing conservator of a 17-year-old child, J.D.[2] At

all times relevant to this proceeding, J.D. was a child without placement, meaning the Department

had not found a foster family or other residential treatment/care facility where J.D. can live. At the

---

[1] This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D., a Child*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.
[2] To protect J.D.'s privacy, we refer to him by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

time this original proceeding was filed, J.D. was living in a motel and being supervised by Department caseworkers.[3]

On November 28, 2023, during a hearing Lozano did not attend, Judge Mary Lou Alvarez orally ordered that she was to appear on December 1, 2023 to establish why unnamed Department employees should not be held in contempt for failing to find an appropriate placement for J.D. and failing to meet his therapeutic, educational, and normalcy needs. On November 29, 2023, Judge Mary Lou Alvarez signed an Order to Show Cause. Like the oral order, the November 29 written order directed Lozano to appear on December 1 to show cause why unnamed "employees identified by [Lozano] as responsible for the Department's failure to meet the child's needs should not be held in civil contempt of the Court[.]" The November 29 order threatened those unnamed employees—but not Lozano herself—with punishment of up to $500 in fines and 180 days in jail. Lozano contends she did not receive notice of either the November 28 oral order or the November 29 written order.

Lozano did not appear at the December 1 hearing. During that hearing, Judge Mary Lou Alvarez signed an Order for Writ of Capias and Setting of Bond that called for Lozano to be arrested and brought "before this Court for a hearing on the Court's intent to hold [Lozano] in direct contempt unless she presents testimony addressing the matters identified in the Court's previous orders."

On December 1, 2023, Lozano filed a petition for writ of habeas corpus arguing the capias order is void because it deprives her of liberty without first giving her due process of law. She also filed an emergency motion to stay the capias order. We granted Lozano's motion to stay the capias

---

[3] The Department's care of J.D. is not directly at issue here, but the challenged order arose out of hearings regarding J.D.'s placement.

order and invited Judge Mary Lou Alvarez and the real party in interest to file a response. J.D.'s

attorney ad litem filed a response; Judge Mary Lou Alvarez did not.

*Timeline*

The events relevant to this original proceeding are:

- November 6, 2023—Judge Mary Lou Alvarez signed an order directing Lozano and another Department employee, Julian Apolinar, to appear in person "at the continuation of the Permanency Hearing After Final Order in this proceeding at 11:00 a.m. on Thursday, November 9, 2023[.]" While this order directed Lozano to appear at the November 9 hearing, it did not order her to appear on any other dates or require her to remain available for any further continuations of the hearing.

- November 9, 2023—Both Lozano and Apolinar appeared as ordered and offered testimony. At the end of this hearing, Judge Mary Lou Alvarez did not orally order either Lozano or Apolinar to appear again.

- November 14 and November 15, 2023—The Department, J.D.'s attorney ad litem and guardian ad litem, and the trial court clerk exchanged emails agreeing to hold the next hearing on November 20, 2023. These emails listed Apolinar as a recipient, but not Lozano.

- November 15, 2023—Judge Mary Lou Alvarez signed an order continuing the permanency hearing and ordering Lozano and Apolinar to appear on November 20, 2023. The order stated:

  > The Court's November 6, 2023, order requiring Julian Apolinar and Letty Lozano to appear and give testimony at the hearing remains in effect and they are to appear at the continuation of the hearing. . . . J. Apolinar + L. Lozano are ordered to appear. IT IS FURTHER ORDERED that the Court's November 6, 2023, order requiring the appearance of Julian Apolinar and Letty Lozano to appear and give testimony at the hearing remains in effect and they are to appear at the continuation of the hearing on Monday, November 20, 2023.

  While this order directed Lozano to appear at the November 20 hearing, it did not order her to appear on any other dates or to remain available for any further continuations of the hearing.

- November 20, 2023—Lozano and Apolinar appeared as ordered and offered testimony. At the conclusion of the hearing, Judge Mary Lou Alvarez announced from the bench:

  > [T]he next hearing will be December 1st, 2023, at 3:00 p.m. in person. **The subpoena for Ms. [*sic*] Apolinar and Ms. Lozano will continue but it can be coordinated. So I don't need both of you to be here, but just one,**

**and you can coordinate amongst each other who is going to be in the best position to answer.** (emphasis added).

The parties and Judge Mary Lou Alvarez later agreed they would reconvene on November 28 rather than December 1. Judge Mary Lou Alvarez did not order either Apolinar or Lozano to appear on any dates other than November 28.

- November 28, 2023—Apolinar appeared for the hearing, but Lozano did not. At the conclusion of the hearing, Judge Mary Lou Alvarez announced from the bench:

  The other order is in order to show cause for contempt, that hearing will take place on Friday, December 1st, 2023. The Region 8 director [Lozano] is ordered to appear to establish why a department personnel of her testimony should not be held in contempt following the hearing for failing to meet the therapeutic needs of this child, for failing to obtain licensed placement for this child, and for failing to educate this child, and for failing to provide normalcy activities for this child.

  I don't know who it's going to be. That's for the Region 8 director to establish by testimony. But those are the orders that most concern this Court about the failures for this child, and that's the subject of the show cause for contempt hearing on Friday, December 1st, 2023, beginning at 10:00 a.m. in person.

  That is, Judge Mary Lou Alvarez orally ordered Lozano to appear on December 1, 2023 to establish why unnamed Department employees should not be held in contempt for failing to find an appropriate placement for J.D. and failing to meet his needs. At no point during the November 28 hearing did Judge Mary Lou Alvarez comment on Lozano's absence or indicate that she had expected Lozano to be present at the hearing.

- November 29, 2023—Judge Mary Lou Alvarez signed an Order to Show Cause ordering Lozano to appear for a December 1, 2023 contempt hearing. Like the previous day's oral order, the written order directed Lozano to appear and show cause why unnamed Department employees "should not be held in civil contempt of the Court." The November 29 order threatened those unnamed employees—but not Lozano herself—with punishment of up to $500 in fines and 180 days in jail. The order did not contain any provisions calling for it to be personally served on Lozano. Lozano contends she did not receive notice of either the November 28 oral order or the November 29 written order.

- December 1, 2023—Judge Mary Lou Alvarez held a show cause hearing simultaneously with a continuation of the permanency hearing.[4] Lozano did not appear. During that hearing, the following exchange occurred:

---

[4] During the December 1 hearing, Judge Mary Lou Alvarez stated, "The show cause hearing was scheduled to be at the same time and to be tried in parallel with the ongoing placement hearing, and that was announced on the record and it's on the judge's notes from the hearing, I believe it was on November 28th, so just a few days ago."

> DEPARTMENT COUNSEL: Your Honor, it's my understanding that [Lozano] was not served to be here with process and that she had no notice so—
>
> THE COURT: Get her here. There is a subpoena order for her to be here, and she's been here. And she was granted leave between her and Mr. Apolinar to decide which one of the two came here for the—for the last [November 28] hearing. That was a courtesy from this Court.
>
> You remind her that that was a courtesy, that that subpoena was still in effect and she had notice because she was here, and now she needs to be here now.
>
> DEPARTMENT COUNSEL: Your Honor, it's my understanding she wasn't at the last hearing.
>
> THE COURT: That's correct. Because I extended her and Mr. Apolinar a courtesy that they could decide between the both of them who came to the last hearing and they did, and Mr. Apolinar was here.
>
> CHILD'S GUARDIAN AD LITEM: Personally.
>
> THE COURT: Personally. She needs to get here. I'm not looking to play games. And remind her, unlike the counterparts of her leadership in Austin that want to play games with this Court, she's inside 100 miles. I will sign a capias and get her over here if that's what needs to be. Get her here, please.

During a subsequent break in the hearing, Judge Mary Lou Alvarez signed a capias order that called for Lozano to be arrested and brought "before this Court for a hearing on the Court's intent to hold [Lozano] in direct contempt unless she presents testimony addressing the matters identified in the Court's previous orders." When the Department's attorney indicated he did not know an address that could be used to send the capias order to Lozano, Judge Mary Lou Alvarez responded:

> No, no, no. It's not anything that's going to be sent. . . . You've been given a copy. The sheriff's officers are going to be directed to find her . . . and bring her to the courtroom, and if the court is closed, i.e., if they find her this evening, then she'll be taken to the Bexar County jail until such time as she can be brought to the court at 8:00 a.m. on Monday morning.

- December 1, 2023—Lozano filed this original proceeding.

**ANALYSIS**

***Standard of Review***

The purpose of a habeas corpus proceeding "is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully" confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). Because a capias order subjects an individual to arrest, restraint, and confinement, such an order constitutes sufficient restraint of liberty to support a petition for writ of habeas corpus. *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00226-CV, 2022 WL 1751013, at *3 (Tex. App.—San Antonio June 1, 2022, orig. proceeding) (mem. op.). If a relator in a habeas corpus proceeding establishes "the order requiring [her] confinement is void, either because the court that issued the order lacked jurisdiction to enter it or because it deprived relator of [her] liberty without due process of law," then the relator is entitled to be discharged. *Id.* at *2 (alterations in original, internal quotation marks omitted); *In re Bannwart*, 439 S.W.3d 417, 420 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). The relator bears the burden to show the capias order is void. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding). "Whether the trial court complied with the requirements of due process is a question of law we review de novo." *In re Gallegos*, No. 04-23-00401-CV, 2023 WL 4482240, at *2 (Tex. App.—San Antonio July 12, 2023, orig. proceeding) (mem. op.).

***Applicable Law***

*Contempt Law Generally*

"Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority." *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). Contempt may be either direct or indirect. *In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011) (orig. proceeding). Direct contempt arises from conduct that occurs in the court's presence.

*See Ex parte Gordon*, 584 S.W.2d at 688. Because the court has "direct knowledge of the behavior constituting contempt" under those circumstances, it may, in some situations, "conduct a summary proceeding in which the alleged contemnor is not entitled to notice and a hearing[.]" *In re Reece*, 341 S.W.3d at 365.

In contrast, indirect contempt, which is also referred to as constructive contempt, occurs outside the court's presence. *Ex parte Gordon*, 584 S.W.2d at 688. "[T]he failure or refusal to comply with a valid court order" is an example of constructive contempt. *Id.*; *see also Ex parte Chambers*, 898 S.W.2d at 259. But the distinction between direct and constructive contempt "has more significance than merely identifying the physical location of the contemptuous act, since more procedural safeguards have been afforded to constructive contemnors than to direct contemnors." *Ex parte Werblud*, 536 S.W.2d 542, 546 (Tex. 1976). Unlike a direct contemnor, an alleged constructive contemnor is always entitled to "notice of the accusation, an opportunity to prepare a defense, and an opportunity to be heard[.]" *Ex parte Gordon*, 584 S.W.2d at 689–90.

"Due process requires that the alleged [constructive] contemnor be personally served with a show cause order or that it be established that he had knowledge of the content of such order." *Ex parte Blanchard*, 736 S.W.2d 642, 643 (Tex. 1987) (orig. proceeding) (per curiam). The required notice must contain "full and unambiguous notification of the accusation of contempt." *Ex parte Gordon*, 584 S.W.2d at 690. "Notice must be personally served on the contemnor; notice that does not reach the contemnor is inadequate even if delivered to his attorney." *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 449 (Tex. App.—Fort Worth 2000, orig. proceeding). Due process also "requires a court, before imprisoning a person for violating an earlier order, to sign a written judgment or order of contempt and a written commitment order." *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex. 1997) (orig. proceeding) (per curiam).

*Our Previous Opinions in Similar Cases*

This is the fourth time we have considered a due process challenge to an order by Judge Mary Lou Alvarez that commanded the arrest of a Department employee. *See In re Mack*, No. 04-23-00402-CV, 2023 WL 5418314, at *1 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.); *In re Gallegos*, 2023 WL 4482240, at *1; *In re Tex. Dep't of Fam. & Protective Servs.*, 2022 WL 1751013, at *1. On June 1, 2022, we issued an opinion and order concluding that Judge Mary Lou Alvarez had exceeded the constitutional limits on her authority to issue capias orders against Department employees. *See In re Tex. Dep't of Fam. & Protective Servs.*, 2022 WL 1751013, at *1–4. She issued two more similarly defective capias orders on April 20, 2023, and we notified her on July 12, 2023 and August 23, 2023 that she had again exceeded her constitutional authority. *See In re Gallegos*, 2023 WL 4482240, at *3; *In re Mack*, 2023 WL 5418314, at *2.

In two of these previous cases, Judge Mary Lou Alvarez issued a capias order after a Department employee "failed to comply with an order that was made during a proceeding at which the Department was represented, but [the individual Department employee] was not personally present[.]" *In re Gallegos*, 2023 WL 4482240, at *3; *In re Tex. Dep't of Fam. & Protective Servs.*, 2022 WL 1751013, at *3–4. In all three previous cases, Judge Mary Lou Alvarez concluded a Department employee had failed to comply with a previous order, ordered the employee's arrest without informing her "of the accusations against her through a show cause order or a legal equivalent," and "stated no further notice was to be given to" the employee. *In re Gallegos*, 2023 WL 4482240, at *3; *see also In re Mack*, 2023 WL 5418314, at *2; *In re Tex. Dep't of Fam. & Protective Servs.*, 2022 WL 1751013, at *4. In each of the previous cases, we concluded the capias orders were void because Judge Mary Lou Alvarez's actions deprived the Department employee

of due process. *In re Mack*, 2023 WL 5418314, at *2; *In re Gallegos*, 2023 WL 4482240, at *3; *In re Tex. Dep't of Fam. & Protective Servs.*, 2022 WL 1751013, at *4.

### *Application*

Judge Mary Lou Alvarez's capias order commanding Lozano's arrest "would be in effect absent the current emergency stay from this court." *In re Gallegos*, 2023 WL 4482240, at *3. Lozano has therefore satisfied her burden of showing a restraint on her liberty. *Id.*

In the capias order, Judge Mary Lou Alvarez found Lozano "failed to appear at the hearing as ordered by the Court without explanation" and concluded "that a writ of capias compelling [her] to appear as ordered should be issued." As noted above, "the failure to appear in court is a matter of constructive rather than direct contempt." *Id.* Accordingly, we must determine whether "the trial court issued the capias order without providing [Lozano] the process she was due." *Id.*

In her response to Lozano's petition for writ of habeas corpus, J.D.'s attorney ad litem argues Judge Mary Lou Alvarez could properly order Lozano's arrest based on her failure to appear on December 1 because Lozano received constitutionally adequate notice of the trial court's November 28 oral ruling and/or the November 29 Order to Show Cause. This contention appears to be based on either: (1) Lozano's purported knowledge of the continuing nature of the permanency hearings[5]; or (2) the presence of other Department employees and/or the Department's attorney during the November 28 hearing.

The issues raised in the attorney ad litem's response go to the question of whether Lozano was required to appear on December 1. Because that question implicates Lozano's ultimate guilt or innocence, it is not directly at issue in this proceeding. *See, e.g.*, *Ex parte Gordon*, 584 S.W.2d

---

[5] The ad litem contends, for example, that "Lozano was personally present at the prior hearings on November 9, 2023, November 16, 2023, and November 20, 2023 [and] when the Court again continued the hearing to November 28, 2023, and kept the order for [Lozano] and/or Julian Apolinar to appear at the continuation of the hearing."

at 688. Nevertheless, in light of the unique circumstances of this case, including the previous habeas corpus proceedings involving Judge Mary Lou Alvarez and the Department, we are compelled to emphasize that Judge Mary Lou Alvarez did not provide Lozano constitutionally adequate notice that her presence was required at the December 1 hearing. As Lozano notes, we have previously held that "a person is deprived of his liberty without due process of law if he is committed to jail for failing to appear at a hearing without having been given notice he was required to appear at that time and place." *Ex parte Keith*, No. 04-17-00641-CV, 2017 WL 5615494, at *2 (Tex. App.—San Antonio Nov. 22, 2017, orig. proceeding) (mem. op.).

Here, we have found no authority authorizing a trial court to issue an open-ended directive to a witness to appear at a "continuing" hearing held on multiple non-consecutive days, excuse that witness from attending, and then, without any further notice to that witness, punish that witness for failing to appear on a specific date. Furthermore, because it is undisputed that Lozano was not present at the November 28 hearing—and, significantly, that she was absent *with Judge Mary Lou Alvarez's knowledge and express permission*—she cannot be deemed to have notice of any oral orders announced from the bench during that hearing. *Cf. In re Acceptance Ins. Co.*, 33 S.W.3d at 449. Additionally, we have found no authority holding that the knowledge of the Department's attorney and other Department employees who were present at that hearing can properly be imputed to Lozano. *See id.*; *cf. In re Tex. Dep't of Family & Protective Servs.*, 2022 WL 1751013, at *3 (refusing to hold Department employee was bound by agreement Department made without employee's knowledge). Finally, there is no indication that Lozano was personally served with the written November 29 order compelling her appearance on December 1—her mandamus petition avers that she was not. *See Ex parte Blanchard*, 736 S.W.2d at 643. If Judge Mary Lou Alvarez wishes for Lozano or other Department employees to appear at specific hearings, she must provide

them with constitutionally required notice that their attendance is required "at that time and place" before she may punish them for failing to appear.[6] *Ex parte Keith*, 2017 WL 5615494, at *2.

But even if we assume Lozano received adequate notice that her presence was required at the December 1 hearing, the record unequivocally shows Judge Mary Lou Alvarez ordered her arrest without first providing her an opportunity to defend or explain her failure to appear. *Cf. In re Mack*, 2023 WL 5418314, at *1–2 (concluding capias order was void even though Department employee "acknowledge[d] that she heard the trial court's verbal order directing her to be present in person the next day"). Just as she did in *Mack*, *Gallegos*, and *Texas Department of Family & Protective Services*, Judge Mary Lou Alvarez specifically stated in this case that no further notice was to be given to Lozano before law enforcement officers found and arrested her. *In re Mack*, 2023 WL 5418314, at *2; *In re Gallegos*, 2023 WL 4482240, at *3; *In re Tex. Dep't of Fam. & Protective Servs.*, 2022 WL 1751013, at *4. And just as we did under nearly identical facts in *Mack*, *Gallegos*, and *Texas Department of Family & Protective Services*, we hold here that Judge Mary Lou Alvarez violated Lozano's due process rights by doing so. *In re Mack*, 2023 WL 5418314, at *2; *In re Gallegos*, 2023 WL 4482240, at *3; *In re Tex. Dep't of Fam. & Protective Servs.*, 2022 WL 1751013, at *4; *see also Ex parte Blanchard*, 736 S.W.2d at 643. The capias order unlawfully restrained Lozano's liberty even if she received adequate notice that she was required to appear on December 1. *See Mack*, 2023 WL 5418314, at *1–2.

For these reasons, the capias order in this case is null and void. *In re Mack*, 2023 WL 5418314, at *2; *In re Gallegos*, 2023 WL 4482240, at *3; *In re Tex. Dep't of Fam. & Protective*

---

[6] The record shows that during the morning of the December 1 hearing, Judge Mary Lou Alvarez sua sponte ordered the Department to produce "everybody who has worked a shift for this child in the past 24 hours and who was scheduled to work a shift with this child for the next 24 hours in this courtroom at 1:30." The parties and the trial court estimated that this group included approximately 24 individuals. Nothing in the record indicates the parties had designated those individuals as witnesses for the December 1 hearing or that the trial court had previously ordered them to appear at the hearing.

*Servs.*, 2022 WL 1751013, at \*4. Once again, we grant the petition for writ of habeas corpus and direct Judge Mary Lou Alvarez to vacate the capias order.

### Notice to Judge Mary Lou Alvarez

Our court issued the first opinion concluding that Judge Mary Lou Alvarez exceeded the constitutional limits of her authority to issue capias orders against Department employees in June of 2022. *See In re Tex. Dep't of Fam. & Protective Servs.*, 2022 WL 1751013, at \*1–4. Since then, she has issued additional capias orders that exceed her constitutional authority. *See In re Gallegos*, 2023 WL 4482240, at \*3; *In re Mack*, 2023 WL 5418314, at \*2. Her continued disregard for our previous opinions and orders—and for the constitutional limits of her authority—is concerning.[7] *See* TEX. CODE JUD. CONDUCT, Canon 2(A) ("A judge shall comply with the law and should act at

---

[7] In addition to the due process defects present in *Mack*, *Gallegos*, and *Texas Department of Family & Protective Services*, we have also repeatedly held that portions of Judge Mary Lou Alvarez's orders in this underlying case and other similar cases were void because they violated the Separation of Powers Clause. *See, e.g.*, *In re Tex. Dep't of Fam. & Protective Servs.*, __ S.W.3d __, No. 04-24-00080-CV, 2024 WL 2947294, at \*3–6 (Tex. App.—San Antonio June 12, 2024, orig. proceeding); *In re Tex. Dep't of Fam. & Protective Servs.*, __ S.W.3d __, No. 04-24-00016-CV, 2024 WL 1748050, at \*3–5 (Tex. App.—San Antonio Apr. 24, 2024, orig. proceeding); *In re Tex. Dep't of Fam. & Protective Servs.*, __ S.W.3d __, No. 04-23-00865-CV, 2024 WL 1289597, at \*4–6 (Tex. App.—San Antonio Mar. 27, 2024, orig. proceeding); *id.* at \*7 (Alvarez, J., concurring) ("In sixteen mandamus decisions issued prior to the orders complained of in this case, we held that portions of Judge Mary Lou Alvarez's orders exceeded her authority and were void."); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313, at \*6 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 248, 257 (Tex. App.—San Antonio 2022, orig. proceeding); *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 175, 177 (Tex. App.—San Antonio 2022, orig. proceeding); *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 161, 172–73 (Tex. App.—San Antonio 2022, orig. proceeding). We have also concluded that Judge Mary Lou Alvarez's attempts to impose sanctions on the Department were void. *In re Tex. Dep't of Fam. & Protective Servs.*, 2024 WL 1748050, at \*5–6. Finally, in a still-pending original proceeding, we issued an order explaining that Judge Mary Lou Alvarez violated direct orders of this court. *See In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-24-00219-CV (Tex. App.—San Antonio May 6, 2024, order). While our Separation of Powers and sanctions opinions addressed different legal issues than the due process questions at issue here and in *Mack*, *Gallegos*, and *Texas Department of Family & Protective Services*, these cases collectively demonstrate a pattern of Judge Mary Lou Alvarez's "continuing disregard for the constitutional limits on her authority and this court's mandatory precedent." *In re Tex. Dep't of Fam. & Protective Servs.*, 2024 WL 1289597, at \*6–7 (Alvarez, J., concurring); *see also In re Tex. Dep't of Fam. & Protective Servs.*, 2024 WL 1748050, at \*8–9 (noting Judge Mary Lou Alvarez "has continued 'to use the powers of [her] judicial office to accomplish a purpose which [she] knew or should have known was beyond the legitimate exercise of [her] authority.' . . . Such actions arguably amount to a 'willful or persistent conduct that is clearly inconsistent with the proper performance of [her] duties'") (quoting *In re Ginsberg*, 630 S.W.3d 1, 8 (Tex. Spec. Ct. Rev. 2018) *and* TEX. CONST. art. V, § 1-a(6)(A)).

all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.").

To ensure that she has notice of these limitations, and in the interest of judicial efficiency, we order that this opinion and order be personally served on Judge Mary Lou Alvarez.

## CONCLUSION

For these reasons, we conditionally grant the petition for writ of habeas corpus. We direct Judge Mary Lou Alvarez to, no later than fifteen days from the date of this opinion, vacate the Order for Writ of Capias and Setting of Bond signed on December 1, 2023. The writ will issue only in the event we are informed Judge Mary Lou Alvarez does not comply.

Beth Watkins, Justice